J. C. VAWTER v. THE STATE.

No. 11990. Delivered November 21, 1928.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

HAWKINS, JUDGE.—Conviction is for robbery with punishment assessed at ten years in the penitentiary.

On the night of October 29, 1927, about nine-thirty o'clock J. W. Bidwell, Manager of an A. & P. store in Houston was robbed. Bidwell and two other persons positively identified appellant as the robber.

The only bill of exception found in the record brings forward complaint based upon the court's action in overruling the motion for new trial. One ground of the motion set up newly discovered evidence from two parties, viz., Mrs. Sylvia Thomas and Hamilton Beazley. The affidavits of the two parties are attached to the motion, but that document itself is not sworn to thereby leaving unverified appellant's claim that as to him the evidence was newly discovered and that he was guilty of no lack of diligence in respect thereto. For this reason the motion is not entitled to consideration upon the issue of newly discovered evidence. Young v. State, 86 Tex. Cr. R. 621, 218 S. W. 754; Walker v. State, 91 Tex. Cr. R. 507, 240 S. W. 538. See Branch's Ann. Tex. P. C., Secs. 193–195, for collation of unbroken line of authorities. It may be stated in this connection that from the trial judge's explanation to the bill it was his opinion that the claimed newly discovered evidence instead of being helpful to appellant was corroborative of the state's witnesses. We have not discovered from the record how the claimed new evidence would in any way militate against the identification of appellant as the offender, it apparently being appellant's theory that it does. There is attached to the motion for new trial an affidavit

of appellant but it relates to a wholly different matter from the point just discussed.

In a very general way appellant avers in his motion for new trial that he was surprised at the calling of his case for trial and was thereby deprived of some additional witnesses on the question of an alibi. The affidavits of these witnesses are attached to the motion but there is no claim that their evidence was newly discovered. By affidavit of appellant which is attached to the motion he attempts to cast blame upon the assistant district attorney for appellant's claimed unpreparedness for trial. If appellant's affidavit was taken at face value it is extremely doubtful whether it exhibits any excuse whatever for his claimed unpreparedness. However the controverting affidavit of the assistant district attorney also appears in the record, and if it be conceded that an issue was raised by the two affidavits the trial court was well within his discretion in overruling the motion upon the issue thus made.

The judgment is affirmed.

*Affirmed.*