ARDELL LANDERS v. THE STATE.

No. 12827.   Delivered December 18, 1929.
Reported in 25 S. W. (2d) 868.

The opinion states the case.

*Lindsey & Burns* and *R. R. Robertson,* all of Dallas, for appellant.

*Wm. McCraw,* Crim. Dist. Atty., and *Andrew J. Priest,* Asst. Dist. Atty., both of Dallas, and *A. A. Dawson,* of Canton, State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; punishment fixed at death.

Joe Picolla, a store-keeper, was shot and killed on the 9th of February, 1929.   Three negroes were the actors in the tragedy. The appellant was identified as one of the negroes, and according to some of the State's witnesses, fired the fatal shot.   In his testimony, the appellant, a negro youth nineteen years old, claims that he went into the store for the innocent purpose of buying candy and that Lacey entered and robbed and killed the deceased.   The circumstances and the confession of the appellant are sufficient to implicate him.

The indictment embraced two counts.   One of them charged that appellant committed the offense with malice aforethought; the other charged that the appellant unlawfully and voluntarily killed the deceased.   In passing, we will say that there was no occasion for two

counts in the indictment. An indictment charging that the homicide was committed with malice aforethought is inclusive of a voluntary homicide. The Acts of the 40th Legislature, Chap. 274, defines murder thus:

"Whoever shall voluntarily kill any person within this State shall be guilty of murder. Murder shall be distinguished from every species of homicide by the absence of circumstances which reduce the offense to negligent homicide or which excuse or justify the killing."

Art. 1257, P. C., 1925, fixes the punishment for murder at "death or confinement in the penitentiary for life, or for any term of years not less than two."

In Art. 1257-a, it is provided in substance that unless it be shown that the homicide was upon malice aforethought, the penalty assessed cannot exceed confinement in the penitentiary for five years. In the present instance, the jury was instructed in accord with Art. 1257-a that unless the homicide was prompted by malice aforethought, the penalty could not exceed confinement in the penitentiary for five years. The jury returned a verdict as follows:

"We, the jury, find the defendant guilty of murder as charged in the second count of the indictment, and assess his punishment at DEATH."

On that verdict the court entered judgment condemning the appellant to suffer death. That the verdict is at variance with the charge of the court is manifest. It is likewise contrary to the statute under which the appellant was tried. The effect of the verdict was to find that the appellant was guilty of murder *without malice aforethought,* the penalty for which, as stated in the statute and in the charge of the court, was confinement in the penitentiary for not less than two nor *more than five years.* In receiving the verdict and entering judgment condemning the appellant to suffer death, there was error committed which necessitates a reversal of the judgment, which is accordingly ordered.

*Reversed.*