## Ofilio Herrera v. The State.

No. 13822.   Delivered February 4, 1931.
Rehearing Denied March 18, 1931.

The opinion states the case.

*C. J. Matthews* and *T. B. Monroe,* both of San Antonio, and *Alfred Mueller,* of Llano, for appellant.

*F. H. Hammond,* District Attorney, of Burner, *Carl Runge,* of Mason, *Critz & Woodward,* of Coleman, and *Lloyd Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The offense is murder; penalty assessed at death.

This is the second appeal of this case. A report of the former appeal will be found in 115 Texas Crim. Rep., 526, 27 S. W. (2d) 211. Traveling in an automobile belonging to the appellant, he and Chaves, while on their way to San Angelo, passed through ·the town of Mason. A witness by the name of Smith had dropped some apples from his car. He was overtaken by the appellant and Chaves, who had picked up some of the apples. A conversation took place between them. Later Smith found that he had lost his traveling bag and advised Murray, the sheriff, at Mason, by telephone. Murray followed and overtook the appellant's car. With the appellant's permission he searched the car for the handbag. The appellant disclaimed having it. A quantity of whisky was discovered in· the car, whereupon appellant was put under arrest by Murray. The appellant, Chaves and Murray started in the appellant's car towards the town of Mason. The car was driven by the appellant, and when he turned the car in the wrong direction, an altercation took place in which Murray was killed. He received wounds upon the head and three gunshot wounds. After Murray was killed, Herrera departed in his car and was arrested on the following day. Meanwhile, however, he took a number of gallons of whisky which were in the car, Murray's pistol and another pistol with which Murray was killed, and some other articles and hid them at a certain place, where, upon information given by appellant they were later found by officers. Appellant made a written statement claiming that the deceased was killed by Chaves. They were each indicted. Chaves testified as a witness for the State and described the homicide in detail, claiming that the deceased was killed by Herrera. It seems that Chaves was an employee of the appellant and that the whisky belonged to the appellant.

A recital of the testimony in detail would serve no useful purpose. It is somewhat voluminous. A careful reading of it leaves in the minds of the court no question that it is sufficient to establish the guilt of the appellant. There is ample proof of facts corroborative of Chaves, the accomplice, and many circumstances in an independent manner leading to the conclusion that the appellant was an actor in the homicide. On the whole, the evidence is deemed of a character to support the finding of the jury that the murder of the deceased was upon malice afore-

thought. In the charge of the court malice aforethought is defined in the following language:

"The term 'malice aforethought', in its legal signification, means the intentional doing of an unlawful act without legal justification. It is a state of condition of the mind showing a heart regardless of social duty and fatally bent on mischief, the existence of which is inferred from acts committed or words spoken."

The definition is one that has frequently been approved by the decisions of this court. See Harris v. State, 8 Texas App., 109; Ellis v. State, 30 Texas Crim. Rep., 604, 18 S. W., 139; Swilley v. State, 114 Texas Crim. Rep., 228, 25 S. W. (2d) 1098. It is quite true, as contended by the appellant's counsel, that the intentional doing of an unlawful act without legal justification, standing alone, is not a sufficient definition of malice aforethought. See Hayes v. State, 14 Texas App., 331. However, when the expression last mentioned is accompanied by the additional statement as contained in the subdivision of the charge quoted above, it has been approved as a sufficient definition. Among the cases so holding is Collins v. State, 108 Texas Crim. Rep., 72, 299 S. W., 403, 404, cited by the appellant, in which it is said:

"We think the first sentence in said charge is subject to the objection urged, but the last sentence contains a correct definition of malice aforethought, as first announced in a terse and lucid opinion by Judge Clark in the case of Harris v. State, 8 Texas App., 109, and which has been subsequently approved in many cases."

The paragraph of the charge held insufficient in Cooper's case, 94 Texas Crim. Rep., 199, 250 S. W., 185, 187, differs materially from the paragraph of the charge under consideration. Among the cases approving the charge criticized is Davis v. State, 110 Texas Crim. Rep., 605, 10 S. W. (2d) 116. The discussion of the matter in the Claxton case, 109 Texas Crim. Rep., 345, 4 S. W. (2d) 542, is deemed in conflict with the present contention of the appellant.

Based upon the appellant's written statement which he introduced in evidence, the following special charge was requested by him:

"You are charged that as a part of the law of this case that the fact that the defendant took the pistol, the liquor and the clothes that he was wearing at the time out in the pasture and hid or buried them does not make him guilty of the offense charged, for the reason that if he had no part in the killing and was not guilty of the killing, whatever he may have done afterwards, would not make him guilty under the indictmen in this case."

The same point was raised by exception to the main charge. The appellant's statement reveals that he was present at the time of the homicide; that he took possession of the contraband whisky, the pistol of the deceased and the pistol with which Murray was killed; also flight and an

effort to suppress material evidence as bearing upon the homicide. The comment by the court in the suggested charge was properly refused, it being in the nature of singling out and instructing the jury with reference to the effect of isolated parts of the evidence which were admissible upon the general issue. See Garza v. State, 102 Texas Crim. Rep., 241, 277 S. W., 382, and cases collated.

The contention that the court should have instructed the jury that if the appellant was an accessory to the murder he was entitled to an acquittal is fully met by the paragraph of the charge which instructed the jury that if Chaves killed the deceased the appellant should be acquitted.

The indictment upon which the appellant was formerly tried embraced no averment charging that in killing the deceased the appellant acted upon malice aforethought. After his case was reversed he was re-indicted, the indictment charging that he did then and there, with malice aforethought, voluntarily kill A. T. Murray by then and there shooting A. T. Murray with a pistol, etc. Appellant contends that by the procedure in the former trial he is immune upon the principle of former jeopardy from any penalty by reason of the death of Murray exceeding confinement in the penitentiary for five years, in consequence of which, he contends that his present attack upon the judgment must be sustained. On the former trial the court, in its charge, defined and made clear to the jury the fact that unless the appellant was prompted by malice aforethought his penalty could not exceed confinement in the penitentiary for five years.

In the case of Landers v. State, 114 Texas Crim. Rep., 352, 25 S. W. (2nd) 868, to which we have been referred, there was a verdict assessing the death penalty for murder upon an indictment omitting the averment of malice aforethought. In passing, it was stated that there was neither necessity nor propriety for charging separate counts as an indictment charging that the killing was upon malice aforethought was inclusive of all phases of the offense set forth in Article 1257a, Vernon's Ann. P. C., 1925. In that case it was said:

"That the verdict is at variance with the charge of the court is manifest. It is likewise contrary to the statute under which the appellant was tried. The effect of the verdict was to find that the appellant was guilty of muder *without malice aforehtought,* the penalty for which, as stated in the statute, * * * is confinement in the penitentiary for not less than two *nor more than five years.* In receiving the verdict and entering judgment condemning the appellant to suffer death, there was error committed which necessitates a reversal of the judgment."

Nothing in the case mentioned holds or implies that in the enactment of Article 1257a, the Legislature created two offenses. But one offense was created, namely, that of murder. The legal penalty is death or

confinement in the state penitentiary for any term of years not less than two, dependent upon the proof. If, however, the jury finds that there is an absence of malice aforethought, they are privileged to assess no higher penalty than confinement in the penitentiary for five years. In the present case, the indictment being irregular and the verdict having been set aside at the instance of the accused, cannot be regarded as a sound basis for the present claim of the appellant that by the verdict on former trial finding him guilty of murder and assessing the death penalty he was acquitted of the capital offense. Precedents illustrating the correctness of the conclusion stated are numerous. Among them the following are mentioned: Sterling v. State, 25 Texas App., 716, 9 S. W., 45; Garza v. State, 39 Texas Crim. Rep., 358, 46 S. W., 242; Marshall v. State, 73 Texas Crim. Rep., 531, 166 S. W., 722; Amer. & Eng. Ency. of Law, Vol. 17, p. 606; Huey v. State, 88 Texas Crim. Rep., 377, 227 S. W., 186, 12 A. L. R., 1003.

Finding no error that would warrant a reversal, the judgment is affirmed. .

*Affirmed.*

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—The definition of malice aforethought given in this case, embracing that part to which specific exception was taken, is identical with that given in other cases, which have been approved by this court. Connell v. State, 46 Texas Crim. Rep., 259, 81 S. W., 746; and Cain v. State, 42 Texas Crim. Rep., 213, 59 S. W., 275, are cited in addition to the authorities referred to in our original opinion. Appellant cites us to no case upholding the only other contention made in his motion. We still adhere to our conclusion that the requested charge would have been on the weight of the evidence.

The motion for rehearing will be overruled.

*Overruled.*