PETE SALINAS v. THE STATE.

No. 14356. Delivered June 17, 1931.

The opinion states the case.

*Douglass & McConnell,* of Pampa, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for selling intoxicating liquor; punishment, one year in the penitentiary.

There are three bills of exception in the record. The first attempts to bring up for review what is claimed to be a variance between the copy of the indictment served upon appellant while in jail after the indictment was returned, and the indictment upon which the trial was had. No objection was made upon this ground at the time the case was called for trial, or at any time until in the motion for new trial. Manifestly it comes too late. Richardson v. State, 7 Texas App., 486; Bonner v. State, 29 Texas Crim. Rep., 223, 15 S. W., 821.

The second and third bills complain of the reception in evidence of testimony as to what was found on appellant's premises upon search thereof by the officers, the complaint being founded upon the proposition that the affidavit and search warrant were defective. In view of the fact that the court withdrew from the consideration of the jury all testimony relative to the search of appellant's premises, and the fact that the case was submitted to the jury upon the third count which charged appellant with the sale of intoxicating liquor, and that he was given the lowest penalty upon plain testimony of a sale, we are of opinion that the error, if any, of the admission of the testimony complained of would be of no injury to the accused.

Mr. Lanning testified for the state that he bought from appellant a quantity of whisky, and paid him for same; that the transaction occurred at the Elk's hotel in Carson. county not far from the date officers raided appellant's place. This fact was not denied by appellant. The evidence sufficiently supports the verdict and judgment, and no error appearing, the judgment will be affirmed.

*Affirmed.*