## Dewey R. Hunt v. The State.

No. 15280.   Delivered February 22, 1933.
Rehearing Denied May 3, 1933.
Reported in 59 S. W. (2d) 836.

The opinion states the case.

*G. De Graffenried* and *Baskett & De Lee,* all of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for murder; punishment, death.

In disposing of the major complaint made by appellant, viz: that the court below erred in refusing to submit to the jury his plea of former jeopardy, it may be admitted that prior to this conviction, and since the enactment of our present murder statute, in the same trial court, and upon an indictment based on the same single act here involved and containing two counts, one charging murder upon malice aforethought, the other a voluntary killing without mention of malice, this appellant was found guilty of murder and his punishment fixed at death, from which judgment he appealed and the case was reversed by this court.

The enactment of our present murder statute was largely for the purpose of taking from murder the disturbing element of the degrees of the offense, and as now understood murder in this state is one offense and has no degrees.   Herrera v. State, 117 Texas Crim. Rep., 389, 36 S. W. (2d) 515.   Certainly this court would not be justified in attempting to write an opinion whose effect would be to engraft upon the murder statute the fact of degrees in said offense.   The insertion of two counts in

an indictment for murder based on a single act of the accused, one count charging murder with malice aforethought by shooting with a pistol, and the other simply a voluntary killing by the use of such pistol at the same time and place, can in no sense be held the charging of two offenses, or of one offense in a different manner, method or degree so as that a verdict of guilty under one of said counts, if followed by a new trial sought by and granted to the accused, could furnish legal basis for a plea of former jeopardy as against a subsequent trial on the other count. This appears almost self-evident. If not true, it would necessarily follow that had the verdict on the former trial been based on the count charging malice, then after new trial and upon retrial and a plea of jeopardy in proper form, it would have been the duty of the trial court to tell the jury, or submit to them, that the accused had been in jeopardy for the offense of murder without malice, i.e., a voluntary killing, and could not now be punished by the infliction of the penalty which might have been given in such case otherwise.

In Hirshfield v. State, 11 Texas App., 207, Judge Hurt said that in determining whether there be jeopardy in a given case, we must look to the acts and omission of the accused in solving the question of whether he had theretofore been tried for the "same offense" and not be controlled by the name given to such acts or omissions in the Code. Applying this, we note that the jury which tried appellant upon his first trial herein did not have submitted to them the offense of murder eo nomine as defined in the count alleging a killing with malice, but did have submitted to them the proposition that if they found from all the facts and circumstances in evidence, beyond a reasonable doubt, that appellant with his malice aforethought shot and killed Cole with a pistol, they should find him guilty of murder and fix his punishment at death, or imprisonment for some period of years not less than two; and also that if they did not find from the evidence that the killing was upon malice aforethought, or if they a reasonable doubt of such fact, then they could not inflict a punishment of more than five years imprisonment in the penitentiary. Under these very explicit instructions the jury found appellant guilty of murder as charged in count No. 2 and fixed the penalty at death. Appellant appealed to this court, complaining that the verdict and judgment were erroneous because he had been found guilty under count No. 2 which omitted mention of malice, and that same could not, therefore, support the infliction of a penalty of more than five years in the penitentiary. This court had no option but to uphold the complaint and reverse the judgment.

In Landers v. State, 114 Texas Crim. Rep., 352, 25 S. W. (2d) 868, a jury gave the death penalty upon a finding of guilty of the count in the indictment which only charged a voluntary killing without any mention of malice. In reversing the case Judge Morrow said the verdict was contrary to the statute under which the accused was tried, and that in receiving the verdict and entering the judgment condemning the accused to death, there was error for which reversal should be ordered. It is more than doubtful if such verdict could be made the basis for a legal judgment, as was substantially held in Garza v. State, 39 Texas Crim. Rep., 361, where, under former murder statutes, a verdict simply finding the accused guilty of murder, without specifying any degree thereof, was set aside, and upon another trial was held not to afford basis for a plea of former jeopardy when tried for murder in the first degree. So also in Dubose v. State, 13 Texas App., 425, on similar facts, the same conclusion was announced by Judge White, who said that the verdict of the jury was clearly insufficient and void, and it was the duty of the court to declare it a nullity, set it aside, arrest the judgment, and upon a subsequent trial for murder of the first degree, to reject a plea of jeopardy based on such verdict. In Thomas v. State, 40 Texas, 36, the jury trying one for assault with a pistol returned a verdict of guilty for unlawfully carrying a pistol. This judgment was set aside, and upon a subsequent trial, under the assault charge, a plea of jeopardy was presented, which was held by our Supreme Court of no avail. The correct principle is stated in Buster v. State, 42 Texas, 319, as follows:

"It must clearly appear from the verdict, not only that there is no conflict in the finding of the jury on the issue of the guilt and the assessment of the penalty, but their determination in the one, must be in harmony with, and supported by that in the other."

In other words, while the purpose and intent of the jury first trying appellant for this offense to find him guilty of murder with malice, was made manifest by the assessment of the death penalty after having been warned in the court's charge expressly that they could not assess such penalty save in case they found beyond a reasonable doubt that he was actuated by malice, still the finding in the same verdict that he was guilty under a count which omitted the averment of malice, was such an incongruity, so contradictory, so irreconcilable, as to make it in effect no verdict.

But appellant himself asked that the verdict and judgment be set aside and held for naught, and if there could be question

as to the illegality of such judgment, this action on appellant's part would deprive him of his right to plead jeopardy. The subject has been often discussed. Ruling Case Law, sec. 152, vol. 8; People v. Ham Tong, 24 L. R. A. (N. S.) 481 (Sup. Ct. Cal.), a case wherein the trial court gave to the jury a charge under which they convicted for robbery when the real accusation was grand larceny. The court held the verdict not a nullity, but that the accused having himself secured a reversal, his right to assert jeopardy was waived.

Appellant advances in his brief a number of propositions each of which, as well as the authorities cited, has been examined and weighed. He cites a number of early cases as supporting the proposition that where the indictment contains more than one count, and but one is submitted to the jury, this amounts to a dismissal of the other. Weathersby v. State, 1 Texas App., 643; Dalton v. State, 4 Texas App., 333; Parks v. State, 29 Texas App., 598; Stephens v. State, 36 Texas Crim. Rep., 386, and others. Inasmuch as the indictment upon which the first trial herein was had, was dismissed after the case was reversed, and the trial and conviction from which this appeal was had was upon a new indictment, these authorities, even if sound on their facts and in principle, which go no further than to hold that a count not submitted was dismissed, would hardly support appellant's contention of jeopardy even if this were an ordinary case in its character. The dismissal was apparently with the consent of the accused. This court has always held that the dismissal of an indictment, or the discharge of a jury "with the consent of the defendant expressed or implied," waives jeopardy. Parchman v. State, 2 Texas App., 239; Vestal v. State, 3 Texas App., 653; Powell v. State, 17 Texas App., 352. A count in an indictment has no more sanctity or weight than an indictment itself.

Appellant, however, goes further and cites authorities supporting the proposition that a conviction upon one of several counts charging the same offense, is a bar to a subsequent indictment or prosecution for the offense set out in the counts not submitted, and that the state is concluded as to the counts not so submitted. He cites Johnson v. State, 263 S. W., 924; Hewett v. State, 167 S. W., 40; Mizell v. State, 203 S. W., 49, also section 421, volume 1, Wharton's Crim. Law, 6th Ed. What is said in Johnson's case, supra, and that of Hewett v. State, supra, is entirely obiter dicta and could have little application, if any, to a case such as we have here. In the Mizell case, supra, there were two counts in the indictment, one for rape and the other for incest; both were submitted to the jury in

the charge. The jury found appellant guilty of rape, and after reversal, the rape count being dismissed, he was tried and found guilty of incest upon the other count in the indictment. These facts clearly differentiate that case from the one before us. There are obiter dicta statements in the opinion not at all necessary to its decision, in line with what is said in the Johnson and Hewett cases, supra, with the soundness of which the writer is not at all satisfied, but contents himself by saying that none of the cases cited as supporting such conclusions are upon facts at all similar to those in the record before us. We also find in appellant's brief citation of authorities supporting the proposition that a conviction for a lesser degree upon an indictment charging a higher, is an acquittal of such higher degree. This but conforms to the command of our statute. See article 702, C. C. P.

Our statute, article 765, C. C. P., provides that when a judgment is arrested (which must be at the instance of the accused) the effect is to place the accused in the same position he was before indictment or information was presented. See, also, article 759, C. C. P., which provides that the effect of a new trial is to place the cause in the same position in which it was before any trial had taken place. Article 852, C. C. P., says that upon reversal of a case by the Court of Criminal Appeals the cause shall stand as it would in case a new trial had been granted by the court below.

Our conclusion in the case before us is that the verdict being contrary to the statute, no legal judgment was or could have been entered thereon; also that no division of the single offense of murder could be made effective by the insertion of an improper count in the indictment, and that upon grant of a new trial by reversal, this case stood as it did before any trial was had, and that the trial court did not err in declining to submit to the jury appellant's plea of former jeopardy.

Appellant objects to the sufficiency of the state's predicate for the reproduction of the testimony of Mr. Powell who had testified at a previous trial of this case, and since, according to the state's contention, had removed to the state of California. A witness swore that at the time of the former trial in 1928 Powell was stationed at Kelly Field in San Antonio, Texas, and that he left on November 1, 1928, and went to California, and at the time of this trial in 1931 said witness was stationed at Crissy Field, San Francisco, California, that he was located at said aviation field. Witness said he knew Powell was in California because he had received numbers of radiograms from the officer at Crissy Field advising that Powell was there, and

had received one from Powell himself, and had a copy of one from Powell dated October 8, 1931. Witness further testified that he had the records of every soldier who had been on duty at Kelly Field; when he left, when he changed stations, and that he knew Crissy Field was in the state of California, and that Powell was permanently stationed there. We think the predicate not insufficient. Parker v. State, 18 Texas App., 72; Conner v. State, 23 Texas App., 378; Jamail v. State, 99 Texas Crim. Rep., 129. We do not think any of the other complaints made by appellant such as called for discussion.

Finding no error in the record, the judgment will be affirmed.

*Affirmed.*

MORROW, PRESIDING JUDGE (concurring).—The writer is in agreement with the opinion written by Judge Lattimore in regard to the disposition of the appeal, but is not in accord with all of the reasons advanced in the opinion leading to the result mentioned. The history of the case and the peculiarities which the record presents impel the writer to express his own views touching the proper treatment of the appeal. The matter has been before this court upon two previous occasions.

On the first trial, the appellant was convicted of murder and his penalty assessed at death. The judgment was reversed on appeal, as shown by the report of the case in 114 Texas Crim. Rep., 256, the opinion reading in part as follows: "The indictment herein contains four counts, counts one and three charging that the accused killed deceased with malice aforethought. Counts two and four charge that the accused killed deceased voluntarily,—there being therein no allegation that the killing was upon malice aforethought. The verdict of the jury specifically finds appellant guilty under the second count in the indictment. Said county having failed to charge that the murder was with malice aforethought, cannot be made the basis for a judgment of conviction carrying with it a penalty greater than five years' imprisonment in the penitentiary." (Swilley v. State, 25 S. W. (2d) 1098.)

In 40. S. W. (2d) 134, appears the opinion of this court in passing upon the appellant's application for bail by way of habeas corpus. It was the appellant's contention that the result of the former trial and appeal precluded the court from trying any offense growing out of the transaction in which the penalty of more than five years might be assessed. The judgment of the trial court denying the relief sought was affirmed on appeal for the reason that the relief sought was not under the cir-

cumstances within the scope of a habeas corpus proceeding.

In the present appeal in which the appellant's penalty was again assessed at death, he relies upon the result of the first trial and appeal, contending that his rights were transgressed in submitting to the jury on the present trial the issue of malice aforethought, and the action of the trial court in approving the verdict and entering the judgment assessing his penalty at death.

This conviction is the result of a trial upon the same indictment that was presented to the jury upon the first trial mentioned above. The indictment contained four nominal counts. One count appearing in the indictment charged that in committing the homicide the appellant "did voluntarily, with his malice aforethought, kill Samuel Cole by then and there shooting the said Samuel Cole with a *pistol*." Following this subdivision of the indictment is the purported count charging that the appellant "did unlawfully and voluntarily kill Samuel Cole by then and there shooting the said Samuel Cole with a pistol." The next subdivision of the indictment is like the first one quoted above save it charged that the homicide was committed with a *rifle;* and the last count in the indictment is like the second one discussed above, save that it charged that the killing took place with a rifle. As the indictment was written, the purported counts were not numbered, but the sequence was as above stated.

In the first trial the instruction given by the court was as follows: "You are, therefore, instructed that if you find and believe from the evidence, beyond a reasonable doubt, that the defendant, Dewey R. Hunt, in the County of Dallas, State of Texas, on or about the 3rd day of November, A.D. 1928, the time alleged in the indictment, with a pistol, the same being a deadly weapon, did *with his malice aforethought, unlawfully and voluntarily shoot and thereby kill Samuel Cole as set forth in the second count of the indictment, then you will find the defendant guilty of murder as above stated, and fix his punishment at death, or by confinement in the State penitentiary for life, or for any term of years not less than two.*"

In the same paragraph of the charge the jury was told that unless from the evidence they believed, beyond a reasonable doubt, that the accused, in shooting the deceased (if he did so) was prompted and acted upon *malice aforethought,* as that term is defined, then they could not assess his punishment for a period longer than five years.

The verdict on the first trial was as follows:

"We, the jury, find the defendant guilty of murder as

charged in the second count of the indictment, and assess his punishment at DEATH. (Signed) E. O. RANEY, Foreman."

Note is taken of the fact that on the first trial, in the instruction to the jury quoted above, *the court described the* first subdivision of the indictment which contained the *elements of the offense for which the appellant was subsequently put on trial;* that is, he described the subdivision of the indictment charging that the appellant committed the homicide *with malice aforethought;* and that the *penalty assessed might be death,* life or for any term of years not less than two.

The Swilley case mentioned in the opinion disposing of the appellant's first appeal, settled the difference of opinion among the members of this court relating to the form and substance of an indictment for murder. The conclusion there reached and stated was in substance that in every indictment charging the offense of murder, it was essential that there be an averment to the effect that the accused *acted upon his malice aforethought* if the state expected to ask upon the trial for a verdict assessing the penalty at confinement in the penitentiary for more than five years. (See Swilley v. State, 114 Texas Crim. Rep., 228, 25 S. W. (2d) 1098.) In the trial now under consideration the indictment, as above stated, contained the necessary averment mentioned, but the appellant insists that the trial court and the jury, in referring to the *second count* of the indictment, decided that the appellant was not guilty of murder with malice aforethought. This contention is urged in spite of the fact that it is manifest that in rendering the verdict the jury, in the light of the court's charge, had in mind only the part of the indictment which contained the averment of *malice aforethought* and which authorized the penalty of death. It occurs to the writer that thoughout the proceeding on the first trial of the appellant, the subject of counts in the indictment was over stressed and to a degree misunderstood. In the Swilley case, supra, and many others, it has been made clear (in fact the statute makes it so) that in charging the offense of murder it must be alleged that the killing was voluntary and that the accused acted upon his malice aforethought. Upon the indictment so drawn all phases of the offense of murder are cognizable. The necessity for a count charging that the offense was without malice does not exist; and in the opinion of the writer, the propriety of such a count is open to serious question. An indictment for murder with malice aforethought embraces all grades of the offense. It is not the office of counts to enumerate the different grades of an offense, but they serve the purpose of bringing before the court a variety of facts

touching the nature of the offense and its grade. Of counts, it is said:

"It is to vary what it meant to be one accusation, so as, at the trial, to avoid an acquittal by reason of any unforeseen lack of harmony between allegation and proofs."

See Bishop's New Cr. Proc., 2nd Ed., vol. 1, p. 346, sec. 422.

On the first trial of the appellant, the first paragraph of the indictment embraced all that was to be said upon the subject. It embraced everything that was said in the second paragraph, which paragraph was utterly useless.

The office of counts is very definitely stated in Tex. Jur., vol. 23, p. 661, sec. 51, in the following language:

"An indictment may charge in separate counts two or more distinct felonies of the same nature, differing only in degree, provided they relate to the same transaction. Subject to this qualification it is proper to join in different counts such felonies as rape and incest, attempt to rape and assault with intent to rape, abduction and kidnaping, forgery and uttering a forged instrument, etc."

When, in a single act, there may be committed one or two offenses, as for example, incest and rape, and the pleader is in doubt as to which the evidence will sustain, the use of separate counts is illustrative. After hearing the evidence, an election between the two counts may be made. It is upon such conditions that the principles of pleading in separate counts is sustained. In a case of homicide, the pleader being in doubt as to the cause of death may, by the use of separate counts charging different causes of death, make his choice by election after developing evidence.

On his first appeal, the appellant obtained from this court a judgment reversing and remanding his case. He then secured the full measure of his rights within the law. He filed in this court no motion for rehearing complaining of the judgment awarding him a new trial. Having reference to the language of the court's charge to the jury upon the first trial and considering same in connection with the verdict, the contention that in rendering the verdict the jury was guided by any other part of the indictment than that which charged that the offense was committed with malice aforethought and authorized the penalty of death is apparently untenable. In substance, the situation in which the appellant found himself upon his second trial is not regarded as materially different from that which confronted the accused in the Herrera case, 36 S. W. (2d) 515. Herrera was charged with murder. The indictment contained no averment that he acted with malice aforethought. Upon his

appeal the conviction was reversed. See 27 S. W. (2d) 211. On his subsequent trial, reported in 36 S. W. (2d) 515, he was again convicted and the death sentence assessed. On appeal, Herrera cited the case of Landers v. State, 25 S. W. (2d) 868. Discussing that phase of his contention, the following remarks are made:

"In the case of Landers v. State, (supra) to which we have been referred, there was a verdict assessing the death penalty for murder upon an indictment omitting the averment of malice aforethought. In passing, it was stated that there was neither necessity nor propriety for charging separate counts as an indictment charging that the killing was upon malice aforethought was inclusive of all phases of the offense set forth in article 1257a, Vernon's Ann. P. C.

\* \* \*

"Nothing in the case mentioned holds or implies that in the enactment of article 1257a, the Legislature created two offenses. But one offense was created, namely, that of murder."

The enactment of the present statute was to repeal the law making murder and manslaughter separate offenses.

Touching the Herrera case, supra, the court used the following language: "In the present case, the indictment being irregular and the verdict having been set aside at the instance of the accused, cannot be regarded as a sound basis for the present claim of the appellant that by the verdict finding him guilty of murder and assessing the death penalty he was acquitted of the capital offense. Precedents illustrating the correctness of the conclusion stated are numerous."

Many cases are cited in support of the proposition quoted from Sterling v. State, 25 Texas App., 716, as follows: "If a defendant moves in arrest of judgment, or applies to a court to vacate a judgment already rendered, for any cause and his motion prevails, he will be presumed to waive any objection to being put a second time in jeopardy, and so may ordinarily be tried anew."

For many reasons, each member of this court has given to the record serious thought and mature consideration, and all are in accord with the view that the proper application of the law of the state does not demand or authorize a reversal of the judgment. The writer therefore concurs in the affirmance of the judgment.

HAWKINS, JUDGE (concurring).—The present conviction carries the death penalty as did the first, which was reversed on appeal (114 Texas Crim. Rep., 256, 25 S. W. (2d) 1107), and

for that reason the case has received the most careful consideration. The present writer is in accord with the general rule that where an indictment contains more than one count and a single count is selected and there is submitted to the jury only the elements of the offense contained in that particular count, accused can not be again put upon trial for offenses charged in an abandoned count. The opinion is entertained, however, that such rule is not applicable and can not be here invoked. Upon the first trial the court required the jury to find present every element of a murder committed with malice aforethought, but erroneously directed if they so found to convict under a count which charged a "voluntary" killing only, at the same time authorizing a penalty which could not be assessed unless malice aforethought was present. The penalty then assessed shows a finding of the jury that the killing was upon malice aforethought. To hold that under such circumstances appellant has been acquitted of a killing upon malice aforethought and could never again be put upon trial for that offense does not appear sound.

I therefore concur in the affirmance of the judgment.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—Appellant has presented a strong motion for rehearing, supplemented by oral argument presenting his views in a most persuasive manner. We feel that nothing can be said in addition to what is contained in the several opinions of the members of this court. The same conclusion was reached by all of us. There may be expressions in some of the opinions with which other members of the court are not in accord, but there is no difference among us as to the result announced being correct. On account of the novelty of the question arising under a new statute which has been the source of trouble in its interpretation to both trial and appellate judges, and because of the extreme penalty inflicted, we have given the matter our best individual and joint consideration. Nothing we might further say would accomplish more than a multiplication of useless words.

The motion for rehearing is overruled.

*Overruled.*