## B. B. TAYLOR V. THE STATE.

No. 18986.   Delivered June 2, 1937.
Rehearing Denied June 25, 1937.

The opinion states the case.

*J. W. McCullough,* of McKinney, and *Baskett & Parks,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for murder, punishment assessed being twenty years in the penitentiary. The charging part of the second count of the indictment, and the only count submitted to the jury, is as follows:

"* * * That on the aforesaid date in the aforesaid state and county B. B. Taylor did then and there unlawfully set fire to a house then and there situate, occupied by and controlled by J. M. Craker, and while in the perpetration of arson did then and there set fire to said house and did then and there and thereby cause J. M. Craker, who was then and there in said house, to be burned by means of said fire, so that he, the said J. M. Craker, was killed by reason thereof, and departed this life because of the injuries inflicted upon him by said fire; and the said B. B. Taylor did then and there with malice aforethought kill said J. M. Craker by said means, and that said killing and murder was committed while the said B. B. Taylor was so engaged as aforesaid."

Said count is attacked upon the ground that it attempts to allege a killing which occurred in the perpetration of arson; and that said latter offense is not sufficiently charged, in that there is an omission of an averment that the house was "burned", the statutory definition of arson being that it is the "willful burning of any house, etc." Art. 1304, P. C.

We think Jones v. State, 53 Texas Crim. Rep., 131, 110 S. W., 741, is a complete answer to the criticism of the indictment. From the similarity in averments one is lead to think the pleader must have had the Jones case before him when he drew the present indictment.

Another attack upon the indictment is because it omits to allege that appellant "voluntarily" killed deceased, the criticism being based on the fact that our present definition of murder is "Whoever shall voluntarily kill any person within this state shall be guilty of murder." Art. 1256, P. C.

It was held in Crutchfield v. State, 110 Texas Crim. Rep., 420, 10 S. W. (2d) 119, that an averment that the killing was done "with malice aforethought" was sufficient. See also Landers v. State, 114 Texas Crim. Rep., 352, 25 S. W. (2d) 868; House v. State, 128 Texas Crim. Rep., 404, 81 S. W. (2d) 708. It will be noted that the present indictment alleges that the killing was upon malice aforethought.

Chapter One of Title 17, P. C., relates to the offense of arson and Chapter Two of said title to other willful burnings. Art. 1325, P. C., found in said Chapter Two, reads as follows:

"Where death is occasioned by any offense described in this and the preceding chapter the offender is guilty of murder."

The learned trial judge recognized the applicability of said article under the averment in the indictment and the proven facts and embraced the law of said article in his charge.

Bill of exception number one brings forward a complaint because appellant's application for continuance was overruled. The application was based on the absence of a witness whose name was stated to be Norman Sappington. Process for the witness was not obtained until three days before the trial. The question of diligence arises but we waive discussion of it as the bill may be disposed of on another ground. It was claimed in the application that Sappington would testify that he was with appellant on the night the offense was committed, and that appellant was not in the village of Lavon during said night; in other words, it was proposed to prove an alibi for appellant by said witness. The record shows that in three different places in appellant's own testimony he gave the name of the party claimed to have been with appellant, not as Norman Sappington, but as Sappington Harris, or Norman Sappington Harris. Appellant very positively stated that the proposed witness said "his last name was Harris." No process was ever issued for the person named by appellant as having been with him on the night in question. Under the circumstances no error appears in refusing the continuance.

Bill of exception number two relates to criticism of the indictment, which question has already been disposed of.

Clifton Vansickle, an accomplice witness, testified that on the day preceding the offense appellant approached witness about helping appellant burn a house, saying it was easy money; that witness refused. On the night of the same day witness was considerably intoxicated and appellant put him in appellant's car at Greenville, stopped at a filling station and bought some coal oil, and put it in an empty whisky bottle and

drove away from Greenville towards Farmersville. Witness then describes in a way to be expected from a drunk man the driving and turning of the car by appellant until he finally stopped at some point which witness could not definitely locate. He said appellant got a tow sack, poured the coal oil on it and then had witness get out of the car. Appellant then removed the seat and unscrewed the top from the gasoline tank which was under the seat and pushed the sack down in the tank. Appellant then went away and was gone some fifteen minutes. When he came back he seemed to be in a hurry and said they had to get away from there, that "I have set that place." After they got away some distance witness looked back and saw the fire. Said witness then related where they went and incidents which occurred on the trip. Other witnesses testified to seeing appellant and the accomplice witness together on the night in question at places the latter had mentioned. A colored man who lived in the village of Lavon not far from the Craker house testified that he and another negro drove to the store on the night in question; they passed a car which was parked near Craker's and witness recognized appellant, who was standing by the car as witness drove by; another party whom witness did not know was in the parked car. As witness and his companion returned from the store the parked car was gone and the Craker house was on fire. The two negroes rescued Mrs. Craker but were unable to get Mr. Craker out of the house. He burned to death. We have not undertaken to set out the details of the evidence but are impressed that it is amply sufficient to support the judgment. This disposes of bill of exception number three, which complains of the refusal of an instructed verdict of not guilty.

Bill of exception number four complains because the witness Justice was permitted to testify that in his opinion the fire was caused by coal oil. Mr. Justice, a neighbor of Craker, testified on the subject as follows:

"* * * I have seen an oil fire. When I came out on the porch that night I saw the fire down there. When I saw it first, it was all on the porch, from the ground up to the porch, looked like it was right in at the window on the porch and under the window. It spread out. I just looked at it a minute and looked at it spreading awful fast. I have seen a house burn right close to me, I have seen a neighbor's house burn. When I first seen it it was not a big blaze, it had just caught it looked like, and I looked at it just a minute and it was spreading over the place then I went and put on my clothes and shoes. When I first seen

it it was a small blaze, you could have put it out if you had been there with some water. But in a little bit it spread all over. In my opinion the fire was caused by coal oil. I judge it was coal oil. I do not know how many different kinds of oil would catch that way. I think crude oil would and gasoline could and turpentine could and alcohol would do it. * *."

In view of his entire testimony regarding the matter we think his expression of opinion complained of would not be the basis of reversible error.

The fifth bill of exception brings forward complaint that a letter from the Assistant County Attorney of Collin County, Texas, to the witness Burley was admitted in evidence over appellant's objection. This bill is not briefed by appellant. We are not advised whether it was intended to be waived. However, an examination of the bill leads us to believe no error upon which a reversal could be predicated is shown.

In his amended motion for new trial, among other things, appellant sets up newly discovered evidence. The said motion is not signed nor sworn to. In Branch's Ann. Tex. P. C., Sec. 193, page 125, is found the following statement.

"A motion for new trial on the ground that new testimony material to the defendant has been discovered since the trial must be sworn to."

Many cases are cited supporting the text. See also Andres v. State, 89 Texas Crim. Rep., 18, 229 S. W., 502, and cases there noted; Parroccini v. State, 90 Texas Crim. Rep., 320, 234 S. W., 671; Walker v. State, 91 Texas Crim. Rep., 507, 240 S. W., 538; Vawter v. State, 111 Texas Crim. Rep., 81, 11 S. W. (2d) 321.

The judgment is affirmed.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—We have carefully reviewed the record in the light of the appellant's motion for rehearing and are constrained to conclude that the proper disposition of the appeal was made on the original hearing.

The motion for rehearing is therefore overruled.

*Overruled*