JOHN RICHARD LINNEY V. STATE.

No. 24213. January 5, 1949.

Hon. Howard P. Green, Judge Presiding.

*Joe J. Alsup,* of Corpus Christi, and *Wesley Zarsky,* of Refugio, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

Appellant was convicted for the offense of assault with intent to murder, and his punishment was assessed at confinement in the state penitentiary for a term of 12 years.

The evidence adduced on the trial, briefly stated, shows that Anna Louise Anderson, a young lady about 18 years of age, was employed at the Worsham Airport located several miles from the town of Refugio. On the morning of the day in question, she was taken to the airport, as usual, in an automobile by her father who immediately left after she had gotten out of the car. She entered the office where she worked, lit the fire,

and began to look over some records when she heard some one at the door. She opened the door and saw appellant at the door with his shoes wet. She invited him into the office. She asked him if he had been shooting any of Mr. Rooke's deer. This, it seems, offended him, and he took from his pocket an iron handle from a stillson wrench and struck her on the head with it four or five times. He then carried her from the office across a road to some bushes and high weeds where he remarked that he was going to kill and bury her there. She begged him not to do so and promised him that she would not tell anyone, whereupon, he told her to run along. She then ran back to the airport; entered the restroom; and locked the door. A few minutes later Fred Michna appeared on the scene, and upon seeing the injured girl with her clothes all bloody, inquired of her what had happened. She told him that some one beat her on the head, whereupon, he hurriedly took her to a hospital in Refugio in his automobile.

The physician who administered to her described the wounds on her head as serious. He said you could see the skull because the scalp had been cut to the bone; that the wounds were serious enough to cause a concussion of the brain. Appellant was arrested the same day, at which time he made a confession to the officers in which he admitted that he assaulted the injured party with the iron handle of a stillson wrench; that he went to the airport with the intent of raping the girl; that he carried the instrument with which he made the assault upon the young lady from his home. We think the evidence furnishes a sufficient basis for the jury's conclusion of his guilt.

Appellant complains of the court's action in overruling his motion for a new trial based on what he claims to be newly discovered evidence. This motion was not sworn to by appellant or his attorney and should have been stricken by the court. See Tuttle v. State, 6 Tex. App. 556; Wilson v. State, 37 Tex. Cr. R. 156 (38 S. W. 1013); Mitchell v. State, 38 Tex. Cr. R. 170 (41 S. W. 816); and Taylor v. State, 133 Tex. Cr. R. 56 (106 S. W. (2d) 681). However, the state contested the motion, the court heard evidence on the issue raised, and at the conclusion thereof overruled the same. In his motion, he charged that since his trial he discovered that he was insane at the time of the commission of the offense. He attached to his motion an affidavit made by one Dr. W. B. Cline, Jr., to the effect that he, affiant, had examined appellant on the 2nd day of May, 1948, and from his examination concluded that appellant was afflicted with war neurosis at the time he committed the offense, but nowhere in

his affidavit does he state that appellant did not know right from wrong. The state's testimony given by a number of witnesses is that they had known him, had talked to him prior to and since the commission of the offense, but observed nothing in his expressions, conduct, or demeanor which indicated an abnormal mind. It occurs to us that the court was justified in overruling the motion. It seems to be the rule in this state that an application for a new trial based on newly discovered evidence is addressed to the sound discretion of the trial court, and unless an abuse of discretion is shown, this court will not disturb his conclusion. See Roberts v. State, 190 S. W. (2d) 116; and Branch's Ann. P. C., page 128, Sec. 200.

From what we have said it follows that the judgment of the trial court should be affirmed, and it is so ordered.

Opinion approved by the Court.