## MARGARET A. SPARACINO v. STATE

No. 32,433.   November 16, 1960

*Percy Foreman,* Houston, (On Appeal Only), for appellant.

*Dan Walton,* District Attorney, *Samuel H. Robertson, Jr., Charles C. Castles,* Assistants District Attorney, Houston, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, 25 years.

Appellant was the step-daughter of deceased, and they resided in the same home. Deceased was found lying on his bed with three bullet holes in his body. The condition of the bedclothes and position of the body were such that the jury were authorized to conclude that deceased was shot while he was asleep. His body was prone on the bed, his shoes were beside the bed, and the sheet was smooth. An autopsy revealed that his blood had a concentration of .285 percent of alcohol, which was indicative of extreme intoxication. He was shown to have died some time shortly before 1:30 P.M. on the day in question. There was no one at the house when the investigationg officers arrived. There were no powder burns on the body or clothing of deceased which, according to the expert, meant that the fatal bullets had been fired from a distance of greater than six feet.

The portion of appellant's confession, the voluntary nature of of which is not questioned, which was introduced by the state recited that deceased went to his room and lay down on the bed, that appellant went to his door and stood there, that she then ran to her brother's room, got a .22 caliber rifle, came back to the door and fired the gun at him two or three times.

Appellant, testifying in her own behalf, recounted a long history of brutality by deceased toward her and her mother, related that after her mother had gone to work on the morning of the homicide appellant had gotten in bed with her claiming that he wanted to get warm, that he had threatened to harm her physically, and further that she shot deceased from the doorway of his bedroom as he was getting up from the bed because she feared that he was going to kill or rape her. She admitted that she had purchased the shells which she used to load the rifle on the morning of the homicide. The state, in rebuttal, was able to show that she purchased the same after the shopkeeper had had his lunch. Appellant and deceased were shown to have been drinking beer together earlier in the morning.

This we think is a sufficient statement of this sordid story, and we have concluded that the jury was authorized in rejecting appellant's plea of self defense and finding her guilty of murder with malice.

The sole question presented by brief and argument is that the verdict will not support the judgment because the verdict does not recite that appellant *voluntarily* killed the deceased. The indictment alleged that the killing was committed with malice aforethought, and the verdict so found.

This Court has held in Joubert v. State, 136 Tex, Cr. Rep. 219, 124 S.W. 2d 368; Taylor v. State, 133 Tex. Cr. Rep. 56, 106 S.W. 2d 681; House v. State, 128 Tex. Cr. Rep. 404, 81 S.W. 2d 708; Landers v. State 114 Tex. Cr. Rep. 352, 25 S.W. 2d 868; and Crutchfield v. State, 110 Tex. Cr. Rep. 420, 10 S.W. 2d 119, that the allegation that the killing was done with malice aforethought necessarily includes the idea that the killing was the voluntary act of the accused.

It follows from such holdings that, if the indictment need not allege that the act was voluntarily done, then the charge need not require a finding that it was voluntarily done, and the verdict likewise is not required to contain such a finding. All that is necessary is that the indictment allege, the proof show, the jury be required to believe, and the verdict reflect, that the killing was executed with malice aforethought.

Finding the evidence sufficient to support the conviction and no reversible error appearing, the judgment is affirmed.