## E. W. TEMPLETON V. THE STATE.

No. 18573.   Delivered January 13, 1937.
On the Merits February 17, 1937.
Rehearing Denied June 9, 1937.

The opinion states the case.

*W. M. Latham, Russel A. Bonham,* and *Mary Nan Bonham,* all of Houston, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for swindling; punishment, two years in the penitentiary.

Appellant insists that we were wrong in holding his bills of exceptions filed too late, and in support of this contention he brings forward certain statements of his counsel, together with a statement of an alleged special district judge,—all tending to show that an order was made by said judge giving to appellant greater time in which to file statement of facts, etc., which was omitted from the record at the time we wrote.

In looking over the record, in order to pass upon this motion for rehearing, our attention is attracted by the fact that the trial term of the court below adjourned on the 29th day of February, 1936, on which day appellant's motion for new trial was overruled. We observe that on the 28th day of February, 1936, appellant with his sureties made an appeal bond. One taking an appeal to this court in a felony case at a time prior to the adjournment of the trial court is required to perfect his appeal by entering into a recognizance. The giving of such appeal bond as appears in this record was insufficient to confer jurisdiction upon this court.

In addition to what we have just said, our attention is also attracted by the fact that there is no certificate of the district clerk showing any meeting of the bar of the county of trial and the election of any special judge.

Because of the defective effort to appeal this case by means of an appeal bond entered into before the adjournment of the trial term, and the consequent lack of jurisdiction of this court, our former opinion is withdrawn, and the appeal is dismissed.

### ON THE MERITS.

KRUEGER, JUDGE.—At a former day of this term we dismissed the appeal in this case by reason of a defective record. Since then the appellant has perfected his record and the case will now be considered and disposed of on its merits.

Appellant was convicted of the offense of swindling, and his punishment was assessed at confinement in the state penitentiary for a term of two years.

Appellant attacks the indictment upon the following grounds:

First, because the formal parts of the indictment read as follows, "In the name and by the authority of the State of Texas," instead of reading "In the name and by authority of the State of Texas." Appellant's contention was held untenable in Spencer v. State, 90 S. W., 638; Monroe v. State, 120 S. W., 479, in which a similar question as the one presented here was decided adversely to appellant's contention.

The second ground of attack is that the indictment is too vague, indefinite, and uncertain to support a verdict, etc. We have examined the same with care and reach the conclusion that it is sufficient. See Scott v. State, 89 Texas Crim. Rep., 70.

The third ground of attack is that it does not charge that Frank Smith, the injured party, relied upon the false representations and the fourth ground of attack is levelled at the second count in the indictment based on the theory that it fails to name the party claimed to have been defrauded.

Art. 405, C. C. P., 1925, provides:

"An indictment shall be deemed sufficient which charges the commission of the offense in ordinary and concise language in such a manner as to enable a person of common understanding to know what is meant, and with that degree of certainty that will give the defendant notice of the particular offense with which he is charged, and enable the court, on conviction, to pronounce the proper judgment."

We think it is not necessary that we take up each ground of attack on the indictment in the order presented. The indictment charges that appellant did knowingly make false and fraudulent representations to Frank Smith, setting forth the facts which constitute the fraudulent representations, and that he did by reason of said fraudulent representations induce the said Frank Smith to deliver to him, E. W. Templeton, a check in the sum of $52.20 of the value of $52.20, and that by said false and fraudulent representations, he, the said E. W. Templeton, acquired said check from Frank Smith.

In the case of Baker v. State, 14 Texas Crim. Rep., 332 (338), this court speaking through Judge White said:

"To sustain a prosecution for obtaining the signature of one by false pretenses to a written instrument, the mere fact of the instrument having been signed is not enough; a delivery

must also be shown, because the signing without delivery would harm no one. It seems, however, that an allegation that defendant acquired or unlawfully obtained the signature will be sufficient, though it do not aver a delivery in terms."

In the instant case it is averred in the indictment that E. W. Templeton on or about the 24th day of September, 1935, in Montgomery County, Texas, did then and there by means of fraudulent representations, then and there knowingly made by him to Frank Smith, did induce the said Frank Smith to deliver to him, the said E. W. Templeton, and the said E. W. Templeton did then and there acquire by the means aforesaid from said Frank Smith a certain check for the amount of $52.20 of the value of $52.20. We think this is sufficiently definite and certain to charge appellant with knowingly making false and fraudulent representations to Frank Smith, and that by reason of said false and fraudulent representations he induced said Frank Smith to deliver to him, E. W. Templeton, a check in the sum of $52.20 and which was of the value of $52.20; and that he, E. W. Templeton, by virtue of said representations acquired said check from Frank Smith. In the case of Fairy v. State, 50 Texas Crim. Rep., 396, it was held that an allegation to the effect that prosecutor was induced thereby to part with his property, etc., was sufficient. However, in the instant case the further allegation appears in the indictment that by virtue of said false representations appellant acquired said check from Frank Smith which is tantamount to saying that the check was delivered by Smith to the appellant.

The fourth ground of attack levelled at the second count in the indictment is based on the ground that it fails to state the name of the party claimed to be defrauded. Looking to the indictment we find that it is averred that appellant did fraudulently and falsely represent to Frank Smith that his co-conspirator, Polk, was a duly authorized agent of the Bartlett Life Insurance Company and had authority to collect premiums, and by means of such representations induced Frank Smith to deliver a check to him, E. W. Templeton, in the sum of $52.20, and by said means acquired from Frank Smith said check. We deem the allegations sufficient to charge that the person defrauded was Frank Smith. Hence the objection to the indictment is without merit.

The next question is the sufficiency of the testimony to support the conviction. The testimony adduced upon the trial shows that appellant and R. H. Polk went to the home of

Frank Smith on the date alleged in the indictment and represented to him, the said Frank Smith, that they were duly authorized agents of the Bartlett Life Insurance Company of Houston, Texas, to collect premiums on policies of Frank Smith and Agnes Smith; that Frank Smith and Agnes Smith each, at the time of and for some time prior thereto, held policies of insurance upon their respective lives issued by the said Bartlett Life Insurance Company. The testimony further shows that they represented to the said Frank Smith if he would pay the premiums for one year in advance, they would give him a discount of ten per centum; that upon said representations Frank Smith did give them a check in the sum of $52.20, which was ten per cent less than the actual premium for a year on said policies; and which check they cashed and appropriated the money obtained thereby to their own use; that in fact neither appellant nor R. H. Polk had authority from the Bartlett Life Insurance Company of Houston, Texas, to collect any premiums. The testimony further shows that appellant by representing himself to various policyholders as the duly authorized agent of the Bartlett Life Insurance Company of Houston, Texas, collected premiums from a great number of people which he appropriated to his own use. It seems to have been a scheme to which appellant resorted for the purpose of making some easy money. Art. 1545, P. C., 1925, defines swindling as follows:

" 'Swindling' is the acquisition of any personal or movable property, money or instrument of writing conveying or securing a valuable right, by means of some false or deceitful pretense or device, or fraudulent representation, with intent to appropriate the same to the use of the party so acquiring, or of destroying or impairing the right of the party justly entitled to the same."

We believe the testimony as hereinabove stated supports the allegations in the indictment and comes within the inhibition of the statute.

By bill of exception number two appellant complains because the court overruled his motion for a continuance based on the absence of R. H. Polk. The bill upon its face shows that Polk was indicted for the same offense as that for which appellant was indicted. Hence under art. 711, C. C. P., 1925, Polk was not a competent witness in behalf of the appellant. Moreover, the appellant's application for a continuance was not sworn to.

By bill of exception number three appellant complains that

the court erred in permitting the State to introduce as evidence a stub of a check. We see no error in this respect. The proof shows that the appellant while at the home of Frank Smith introduced himself as Johnson; that Smith handed appellant a check book; that appellant wrote the check in the sum of $52.20 and made a notation on the stub thereof and the check was then delivered after being signed under the direction of Frank Smith to appellant and his co-defendant, Polk.

By bill of exception number four appellant complains of the introduction as evidence of a certain letter purporting to have been written by F. D. Glass, Jr., Vice President of the Bartlett Life Insurance Company. Appellant's objection was that the letter did not appear to have been signed in person, but with a rubber stamp. The court qualified said bill of exception and in his qualification states that the testimony shows that the letter complained of was the first notice that Frank Smith had that appellant and Polk had not sent the money to the insurance company as they had agreed to do. The court further certifies that after the appellant's objection was overruled he took no exception to the court's ruling. This being true appellant has no ground of complaint. If he wasn't satisfied with the ruling of the court, he should have excepted.

Bills of exception numbers eight and eleven both complain of the action of the court in declining to instruct a verdict of not guilty. The matters here complained of have already been disposed of in that we held the testimony sufficient to justify the conviction.

By bill of exception number nine appellant complains of the action of the court in declining to permit him to prove by V. B. Colley that he worked for the Bartlett Life Insurance Company and that each agent was directed to collect any and all moneys on premiums; that they did so and turned such collections in to the company; that if the company was behind with them that they took out part of it and if necessary all of it, to pay their expenses; that all of the accounts were sometimes overdrawn or underpaid; that it was customary with all of the full-time agents to do so. The court qualified said bill and in his qualification states that in the absence of the jury he heard the testimony of the witness who did not attempt to testify as to the nature of the authority delegated by the company to the appellant or to Polk and did not attempt to rebut the statements of the witness Glass that he had notified the appellant and Polk to cease collecting premiums prior to the date of the alleged offense. Even if such had been the

custom, yet such custom would not constitute a defense after they were notified not to make any collections.

Bill of exception number twelve complains of certain argument made by the district attorney. This bill is qualified by the court and as thus qualified fails to reflect any error.

Finding no reversible error in the record, the judgment of the trial court is in all things affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

LATTIMORE, JUDGE.—In his motion for rehearing appellant first renews complaint that he was not allowed to prove by his witness Colley the habit and custom of the Bartlett Insurance Company with reference to allowing all agents to collect premiums, and that such parties were instructed to collect any and all premiums whenever they could. We note from the record that appellant made no claim that he had any right to collect $52.20 premium from Frank Smith, the alleged injured party. Appellant denied emphatically that he got such money or any part of same. Nor did he claim that Polk, who,—according to State witnesses,—was with appellant and acting with him in obtaining from Smith the check for $52.20,—had any right to collect such premium. We have again examined Colley's testimony, as set out in bill of exceptions No. 9, which testimony was rejected. Colley did not propose to swear to any dealing or contract between Polk and said insurance company, or between appellant and the company. Colley did not attempt to say when he worked for said insurance company, nor that he knew what the company's rules were as to collection of premiums by agents at the time Polk and appellant got the $52.20 check from Smith. Glass, secretary of said insurance company, swore that all agents had the right to collect first premiums from customers, but the money paid to Polk and appellant by Smith was not of that kind. It was not the first payment on a policy. Polk's representations, as testified to by Smith, were that it was the payment in advance of a year's premium on policies already in force, he representing that if Smith paid a year in advance he, Polk, would discount the amount ten per cent, and that Smith could thus pay his annual premium amounting to $60.00 by giving a check for $52.20 as

advance payment. We are still not able to see the materiality of the proposed testimony of Colley.

We think the trial court not in error in admitting in testimony the check stub of Mr. Smith of date September 24, 1935, showing that a check had been given of that date for $52.20 drawn to R. L. Johnson, this being, according to Smith, the name given by appellant at the time said parties obtained from witness the check in question. It is true that a few days after the date on the check stub, appellant and Polk, according to Smith, came back to him and made some complaint of the check for $52.20 made payable to appellant under the name of R. L. Johnson, and Smith swore that he then gave them another check for $52.20, which is the one described in the indictment, and this check was cashed. The check stub objected to verified and supported the testimony of Smith, and corroborated his story that appellant came to him under an assumed name and got from him a check for $52.20 for insurance renewal. In our opinion said evidence was material and admissible.

We see nothing of material error in our former opinion based on the fact that in same we discussed appellant's guilt on the facts as based on his cashing and appropriating a check dated September 24th, when in fact the check described in the indictment, and offered in evidence, and shown to have been appropriated, was of date September 26th. We were discussing the substance of the question involved in this case, and did not and do not regard the date on the check as of materiality. Nor was our conclusion that the evidence in this case was sufficient based on proof of appellant's appropriation of various and sundry other items of money collected by him at times other than that of the alleged misappropriated check. While the averment in the indictment was of the appropriation of said check, and his guilt was made to depend on proof of that fact, we see no error in the admission of the testimony relative to appellant's misappropriation of other items while working for said insurance company.

Being unable to agree with appellant's contentions, the motion for rehearing is overruled.

*Overruled.*