H. A. PARISH v. THE STATE.

No. 22157. Delivered October 21, 1942.
Rehearing Denied November 25, 1942.
Appellant's Request for Leave to File Second
Motion for Rehearing Denied (Without
Written Opinion) December 2, 1942.

The opinion states the case.

*E. B. Lewis*, of Center, and *Sam T. Holt*, of Carthage, for appellant.

*Spurgeon E. Bell*, State's Attorney, of Austin, for the State.

GRAVES, Judge.

Appellant was charged by indictment with being an accomplice to the crime of swindling in that one George Strong presented to the County Clerk of Panola County, Texas, certain false claims or bills for merchandise delivered to Panola County through appellant, the county commissioner of precinct No. 1

of such county, and the appellant, although not being present at the time such act was accomplished by the execution and delivery of certain vouchers, nevertheless he advised and aided the said George Strong in the commission of such offense. There was another count also contained in such indictment, but only the second count was submitted by the trial court to the jury. The further count not submitted to the jury merely charged an acting together of appellant and George Strong.

The cause was submitted to the jury upon the law of circumstantial evidence. We find many exceptions to the trial court's charge, but, taken as a whole, we think it to be a fair presentation of the law as to swindling and as an accomplice thereto.

A motion to quash the indictment was made and by the court overruled. It is insisted that the indictment was multifarious and contained three counts, and was so indefinite that same charged no offense against the laws of the State. As we interpret the indictment, the same is composed of two counts, the first count being in effect a charge against one George Strong and the appellant, charging that they acted together in a swindling transaction, thus each being a principal. The second count thereof charged that George Strong perpetrated the swindle, and that the appellant did unlawfully and willfully agree with the said George Strong to aid him in the commission of said offense, appellant not being present at the time said offense was committed by Strong.

We think the second count correctly charges appellant with being an accomplice to this alleged swindle, and we note that such count seems to accurately follow form No. 766, p. 456, Fifth Ed., Willson's Texas Criminal Forms.

The trial court submitted to the jury only the second count in such indictment, and we therefore think that if there was error in pleading a separate and distinct transaction in each count, that the failure to submit the first count had the same effect as though such count had been quashed by the trial court. Jeopardy on such first count attached upon the failure by the court to submit the same to the jury, which failure was tantamount to a dismissal thereof. See Black et al v. State, 158 S. W. (2d) 795.

The State's case was based upon the following circumstances: George Strong would present to the County Clerk of Panola County a bill for material furnished to such county by him, and such presented bill would bear the approval of appellant in the form of "O.K. H. A. Parrish," as well as the signature of the county judge. Upon such approval and presentation the County Clerk would issue to Strong a county warrant payable to him, by means of which Strong would obtain the money represented thereby, the State's contention being that on account of the approval of appellant the sum of $93.50 was gotten from the County Clerk unlawfully, the said Strong not having furnished such material to the county.

In order to fasten guilty knowledge upon appellant, the State also introduced four other like transactions to the one here under examination, in which the same means and method was claimed to have been followed; that is, the same presentation of bills for material which was not furnished the county, and all supported by appellant's "O.K. H. A. Parrish" approval. These were all objected to, not only the bills but also the warrants issued in payment therefor.

It is also worthy of note that just prior to the finding of this indictment, the State claimed and proved that appellant came into the County Clerk's office and obtained possession of the folder containing such bills, and the State contended that some one eliminated the "O. K. H. A. Parrish," and thereafterwards appeared on said bills the words H. A. Parrish in a signature unlike the original signatures of appellant, and a palpable forgery. However the State Public Safety Department expert testified from a photograph taken of the original bills, which photograph is before us, that there appears on such bills when brought out by photographic aids the words "O.K. H. A. Parrish," and same, according to such expert's testimony, was the signature of appellant, although there had been an attempt to obliterate the same.

The gist of this case being the aid, if any, by appellant given to Strong to perpetrate this swindle, and the proof thereof being found only in circumstances, we are of the opinion that proof of other and distinct offenses, practiced in the same way and manner, are admissible to show system and intent, and tends to connect the appellant with the offense on trial. See Branch's Penal Code, p. 98, and cases there cited. It is true

that a bill for $220.00 was presented by George Strong, and it appears that same was directed to Rusk County, a neighboring county, but this direction was evidently a mistake since such bill bore the name of appellant and the approval of the Panola County judge, and was presented to the clerk of Panola County and by him paid by warrant to Strong.

There is also objection made and reserved to allowing E. N. Martin, a witness for the State, to testify as to a comparison of certain handwritings, some of which were shown to be that of appellant. It appears that Mr. Martin had been engaged in the business of the comparison of handwritings for ten years and employed by the Public Safety Department as such. He testified he was an expert in such matters; that he had never been to a school where such comparisons were taught; that he did not know of the existence of any such school, but that from his years of experience he felt capable of making such comparisons and of testifying relative thereto. The objection to his qualifications went to the weight of his testimony rather than to its admissibility, so we think. Evidently the careful trial court admitted such testimony under authority of the case of McGarry v. State, 82 Texas Crim. Rep. 597, 200 S. W. 527.

A further objection is made to the introduction of a certain photograph of the purported signature "O.K. H. A. Parrish" found upon the presented bill of George Strong, in payment of which the alleged swindle herein is predicated, the objection being that such photograph was not made by Martin, the person offering the same, and that he could not tell whether such photograph correctly portrayed the thing it was supposed to represent. It appears from the testimony that by means of placing a light on an even plane with the piece of paper upon which it was claimed the erased signature and "O.K." were alleged to be found, such signature became legible, although erased, mainly on account of the indenting on the paper of the pencil used in making such signature. It being the State's contention that during the time such allegedly O.K'd bills were in appellant's hands, this approval by the signature and O.K. of appellant was erased, and according to Martin's testimony the signature thus made to appear by the operation of such light, by means of comparison with admittedly genuine signatures of appellant, the same was in his opinion a genuine signature of appellant, thus affecting the proposition as to appellant's aid in the commission of this charged offense. The witness testified

that he had seen this purported erased signature under such light, and was skilled in the operation thereof, and in his opinion the same man wrote the erased signature that wrote some sixty or seventy other signatures admitted to be genuine signatures of appellant. We think it is fairly shown by this witness that the photograph of the erased signature truly reflected what he saw by means of the light used. Both the original instrument and the photograph taken by means of such light were present in court, and doubtless inspected by the jury, and the absence of the actual photographer from court would not in our opinion render the light enlarged photograph of the instrument present in court inadmissible.

Appellant also complains because of not being furnished by the trial court a full jury panel, yet he does not allege that because of such failure any objectionable juror was forced upon him, nor does he show that a jury was not selected from the panel offered him.

He also complains because the trial court in his instructions to the jury said, among other things, in substance, that unless they did not believe beyond a reasonable doubt certain things, then they should acquit appellant of *said offense* as charged in the second count of the indictment, appellant's contention being that the words "in the second count" should have been left out of such charge. There were but two counts in the indictment, and the trial court, in the beginning of his charge, plainly told the jury that "There are two counts in the indictment, and this case is submitted to you upon the second count alone." Surely the jury knew from the court's charge that they could not convict appellant upon a count not submitted to them.

It is contended again that the County Clerk was not the person defrauded by the alleged swindle, but that if anyone was defrauded it was the County Treasurer of Panola County. The warrant was obtained from the clerk; it was a negotiable instrument and bears the signature of Strong upon its reverse side, and it is shown to have been paid by the County Treasurer. The County Clerk was the person to whom the allegedly false bill was presented in supposedly proper form, with proper approval, and therefore was the person deceived thereby; he was the one who relied upon such representations, and who issued to Strong the article of value, a county warrant, and no representations of any kind were made to the County Treasurer, who

merely charged such warrant against the funds allocated to commissioner's precinct No. 1. The treasurer merely occupied the position of a bank upon whom a fraudulently acquired check might be drawn. The offense would be complete when the check, a thing of value, had been obtained. We think that a county warrant, directing that certain moneys be paid to a named person, can be the subject of a swindle under the law. Art. 1545, P. C. says:

"Swindling is the acquisition of any personal or movable property, money or instrument of writing conveying or securing a valuable right, * * *."

We note that this second count in the indictment merely charges appellant with aiding Strong in obtaining possession of a county warrant, and nothing is said about any money therein.

While not taking up the bills of exception herein seriatim, we have attempted to discuss every proposition presented herein in this opinion. We think the facts and the law authorized the verdict of guilt by the jury, and a punishment of two years confinement in the penitentiary. We find no error in the trial hereof, and therefore affirm the judgment.

### ON MOTION FOR REHEARING.

HAWKINS, Presiding Judge.

Appellant has filed a motion for rehearing in which he earnestly insists that we erred in several respects in the disposition of this case on original submission. His first contention is that we erred in holding the indictment sufficient to charge him with being an accomplice to the offense of swindling alleged to have been committed by George Strong. He contends that the indictment contains three counts, the first of which charges George Strong and appellant jointly with the commission of the offense of swindling; the second count charges George Strong alone with the offense of swindling; and the third count merely charges appellant with aiding George Strong in the commission of the offense.

We have carefully considered the indictment in the light of the objections urged thereto and are firmly convinced that it contains but two counts, in the first of which appellant and

George Strong are jointly charged with the offense of swindling Ella V. Smith, acting Deputy County Clerk of Panola County, in that by means of false pretenses they acquired from her (Ella V. Smith) title and possession of a county warrant in the sum of $169.00. The second count charges that George Strong did unlawfully by means of false pretenses acquire from A. J. Holmes, Jr., title and possession of a county warrant in the sum of $93.50 which is set out in haec verba in the indictment; and in connection therewith, it charged that H. A. Parish, prior to the commission of said offense by the said George Strong, did unlawfully and willfully agree with the said George Strong to aid him in the commission of said offense, etc.

The court submitted the case to the jury only upon the second count. Consequently the first count passed out of the case.

It will be noted that in the second count appellant was charged as an accomplice to the offense of swindling alleged to have been committed by George Strong, since he was not present at the time and place of its commission. This was proper. There could not be an accomplice unless there was a principal, and the principal had to be correctly charged with the offense and then the accomplice charged with aiding, abetting or encouraging the principal in its commission. In support of the conclusions reached by us, we refer to the following cases: Crook v. State, 27 Tex. Cr. App. 198 (in fact p. 239) ; Templeton v. State, 132 Tex. Cr. R. 577; Warren v. State, 67 Tex. Cr. R. 273.

Appellant now contends that the court should have quashed the indictment on the ground that it charged two separate and distinct offenses in different counts not growing out of the same transaction. Even if it be conceded that this is true, the first count was withdrawn and not submitted to the jury, which was tantamount to having been quashed by the court. See 12 Tex. Jur. p. 565, sec. 245, and cases cited. Consequently no prejudicial error resulted to the appellant by reason thereof. Appellant claims that the reading of the first count to the jury was highly prejudicial to his legal rights. We do not believe there is any merit in his contention inasmuch as there is testimony of other transactions in which appellant and George Strong participated in perpetrating fraud on the County Clerk of Panola County in the same way and by the same means and method.

Appellant reiterates his contention that the trial court erred in admitting evidence of other offenses of like character as the one charged, and in the commission of which the same general plan was pursued and the same methods were resorted to in their commission. We have fully discussed this question in the original opinion and see no good reason why we should write further on the subject.

He next contends that we erred in holding the testimony of the witness, E. N. Martin, to be admissible, as well as the exhibit which was introduced and which was used by the expert (Martin) in explaining the means by which he discovered the erasure of the appellant's name from the account presented to and filed by the County Clerk upon which the warrant in question was issued. It is true that the witness did not make the photograph himself, but he looked through a machine and by the light thereof discovered the name of H. A. Parish on the account and testified that the exhibit properly reflected the name of H. A. Parish as he saw it through the light. In our opinion, this question was properly disposed of in the original opinion.

Appellant next contends that the evidence is insufficient to justify and sustain his conviction because he (appellant) testified that when he first heard that "George Strong was cashing warrants against his account he always said it is not right and that it is all a forgery of my name and I had nothing to do with it." Whether this testimony is true or untrue is not for this court to say. The jury are the sole and exclusive judges of the facts proven, the credibility of the witnesses and the weight to be given to their testimony; and if there are sufficient facts proven by the State which would sustain a finding of guilt by the jury this court would not be authorized to disturb that finding. In our opinion, there is sufficient evidence which, if believed by the jury, would authorize and sustain a verdict of guilty.

Believing that the case was properly disposed of on the original submission, the motion for rehearing is overruled.