JOHN C. STEPHENS v. THE STATE.

*No. 1454. Decided October 28th, 1896.*

**1. Indictment—Two Counts—Submission of but One.**

Where an indictment contains two counts, and the court, in its charge, submits but one, this is tantamount to an election by the State to rely upon that one and a dismissal of the other.

**2. Same—Forgery—Purport and Tenor—Variance.**

Where the purport clause of an indictment for forgery alleged the instrument to be the act of G., and the tenor clause showed it to be the act of S. and G. Held: The variance is fatal to the indictment.

APPEAL from the District Court of Montague. Tried below before Hon. D. E. BARRETT.

Appeal from a conviction for forgery; penalty, two years' imprisonment in the penitentiary.

A motion for new trial and in arrest of judgment on account of the fatal variance between the purport and tenor clauses of the indictment was overruled in the trial court.

*W. W. Cook* and *G. W. Alcorn*, for appellant.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted ·of forgery, and given two years in the penitentiary, and prosecutes this appeal. The indictment is in two counts—one for forgery, and the second for passing the same forged instrument. On the trial the court submitted only the first count. This was tantamount to an election by the State to rely upon the first count, and a dismissal as to the second. See, Parks v. State, 29 Tex. Crim. App., 597. Omitting the formal parts, with reference to the offense of forgery, the indictment is as follows: That appellant, "without lawful authority, and with intent to injure and defraud, did wilfully and fraudulently make a false and forged instrument in writing, purporting to be the act of another, to-wit: the act of G. F.

Green, which said false and forged instrument is of the tenor following, to-wit." Then follows the instrument in hæc verba, signed, "John C. Stephens. G. F. Green." Motion in arrest of argument was made by appellant, because there was a variance between the purport and tenor clauses, in this: That the purport clause alleges the forged instrument to be the act of G. F. Green alone, while the tenor clause alleges and sets forth the instrument to be the act of John C. Stephens and G. F. Green. This was overruled. Upon this action of the court error is assigned. This ruling of the court was error. The identical question was fully discussed in the case of Campbell v. State, 35 Tex. Crim. Rep., 182. It was there held, on an indictment similar to this one, that such a variance was fatal to the indictment. This case was also followed in three cases in Fite v. State, ante p. 4. For the error indicated, the judgment is reversed, and the prosecution ordered dismissed.

*Reversed and Dismissed.*

HURT, Presiding Judge, absent.