## W. B. PREWITT v. THE STATE.

### No. 3336. Decided February 7, 1906.

**Carrying Pistol—Evidence—Charge of Court.**

Where upon a trial for unlawfully carrying a pistol the evidence showed that the defendant had the pistol in his hand, and that witness thought he put it in his right hand coat pocket; that the defendant was in a buggy; that an officer approached him and searched him and failed to find the pistol, there was no error in refusing special charges that if defendant had the pistol while he was in the buggy, or if he did not have the same on or about his person, etc., to acquit.

Appeal from the County Court of Somervell. Tried below before Hon. R. L. Bryan.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $25.

The opinion states the case.

*Featherston, Myres & Lev Hays,* for appellant.

*Howard Martin,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted for carrying on and about his person a pistol. The State's case was made by the witness Eddy, who states that "I heard a pistol shot in the distance. I saw defendant put the pistol on his right side. It seemed to me as if defendant put the pistol in his right hand coat-pocket." Did not know who fired the pistol he heard. Nor did he know the direction from which defendant came to the Buck Creek schoolhouse, where he saw defendant have the pistol. He saw deputy sheriff Welsh and justice of the peace Williams approach the buggy where defendant was sitting, and searched defendant, and they failed to find a pistol. Welsh testified that he and justice of the peace Williams searched defendant and failed to find any pistol; that he did not know whether or not defendant had a pistol. If he had one he failed to find it. The evidence shows that defendant was sitting in a buggy when witness Eddy saw the pistol in appellant's hand, and he was still sitting in the same buggy at the time he was searched by the officers. Appellant relies upon the case of Cathey v. State, 23 Texas Crim. App., 492. To the same effect is Sanderson v. State, 23 Texas Crim. App., 520. The State relies upon Woodward v. State, 5 Texas Crim. App., 296; and Garrett v. State, 25 S. W. Rep., 285. We are of opinion that this case is not brought within the rule laid down in the Cathey

case, and hardly within the rule laid down in Garrett's case supra. In the Cathey case, the facts show that appellant had a pistol, in the back end of his wagon, near his saddle-bags, and while searching for a bottle of whisky, he took the pistol up, held it in his hand a moment or two, and laid it back by the saddle-bags. The court held this was not sufficient evidence to show that he carried it on and about his person. In Garrett's case, the party had the pistol on the buggy seat. This was held sufficient evidence to support the allegation that he carried it on and about his person. In this case the State's evidence shows that appellant had the pistol in his hand, and witness thought he put it in his right-hand coat-pocket. If this was true, and the jury believed it to be true, appellant was guilty. The fact that the officers failed to find the pistol does not necessarily militate against or overcome the State's evidence. The officer simply states that he examined appellant and failed to find the pistol. The details of the examination are not stated. These are left indefinite. In other words, the statement that he examined him and failed to find the pistol, is the statement of the officer. Appellant may have had the pistol as detailed by Eddy, and could have disposed of it before the officers examined him. The buggy was not examined to ascertain whether the pistol was in it, disconnected from the person of appellant. We believe, under Woodwards' case this is sufficient evidence to make out a case on the facts as brought up in this record.

A special charge was asked upon the theory that if defendant had the pistol while he was in the buggy at the time testified by Eddy, he should be acquitted. This is not a correct application of the law to the facts. If he had the pistol on his person in the buggy he would be guilty. This charge does not seek to bring this case within the rule laid down in the Cathey case.

Another requested charge was to the effect that if the jury should fail to find appellant had the pistol on and about his person, they should acquit; and the third charge was to the effect that they should acquit because the evidence fails to show he had on a pistol. We believe these charges were properly refused. The judgment is affirmd.

*Affirmed.*

[Motion for rehearing overruled without written opinion.—Reporter.]