## ED WILLIAMS v. THE STATE.

### No. 389. Decided February 2, 1910.

**Carrying Pistol—Plea of Former Jeopardy—Same Offense.**

It is not required that under a plea of former jeopardy the proof in the two prosecutions should be identically the same; the same offense does not signify or mean the same offense eo nomine, but the same criminal act or omission; and where, upon trial of unlawfully carrying a pistol, defendant interposed his plea of former jeopardy in due form, it was reversible error to strike the same out on motion of the State.

Appeal from the County Court of Brazos. Tried below before the Hon. A. G. Board.

Appeal from a conviction of unlawfully carrying a pistol; penalty, a fine of $100.

The opinion states the case. The plea of former jeopardy was as follows: And now comes the defendant in the above entitled and numbered cause, and alleging and averring that he can not be further legally prosecuted for the offense herein charged against him, says and shows to the court that he has already once before been jut in jeopardy for said offense. That heretofore, to wit, on the 25th day of October, 1907, in this court, the said court then and there having jurisdiction of said case, he was the accused who was in due form of law then and there upon his trial upon a pending information in every particular valid and sufficient in law, which charged him with the same identical offense and charged him with an offense necessarily involving the same offense as herein charged against him; which is more fully shown by the said information and complaint, a certified copy of which is hereto attached and marked Exhibit "A" and made a part of this cause, and which said cause was entitled: The State of Texas v. Ed Williams, and No. 3631, number on the docket of said court; that said cause was duly called for trial and a jury was legally empaneled and sworn to try the same, and the information having been read to the jury; that thereupon defendant was called upon to plead, and did plead not guilty to the charge so preferred against him, and the prosecuting attorney having placed all of the State's witnesses upon the stand and the defendant having placed all of his witnesses upon the stand, the county attorney then and there verbally moved the court to dismiss said information and complaint, there was no written motion made and filed in said cause by the county attorney setting forth his reason or grounds for said dismissal, to which this defendant then and there objected, but the court disregarding defendant's objection, and over his objection and protests, sustained the verbal motion of the said State's attorney and permitted him to withdraw the case from the jury without verdict, to nolle pros said case, and to dismiss the said information and complaint against this defendant. And the court thereupon rendered and entered up a judgment dismissing said

prosecution. All of which is more fully shown by certified copy of said judgment, hereto attached, marked Exhibit "B," and defendant's bill of exceptions reserved at the time to said rulings and orders of the court, which is also hereto attached, marked Exhibit "C" and made a part hereof. This defendant says, and is prepared to show to this court that he is the same accused as was on trial in said cause No. 3631, and that in this case No. 3669, he is charged with the same offense and that it is one and the same transaction and offense with which he was charged in cause No. 3631, and for which' he has heretofore been placed upon trial and in a court of.competent jurisdiction, and upon a valid information and before a jury duly selected, empaneled and sworn as aforesaid, and this he is ready to verify.

Wherefore and by reason of the premises aforesaid, the defendant alleges and avers that in manner and form above shown he has once before been placed in jeopardy for the offense for which he is now again being prosecuted, and that he should hence be discharged from prosecution and liability for said offense, and of this he prays judgment of the court.

*V. B. Hudson,* for appellant.—If the plea of former jeopardy is good upon its face it should be submitted to the jury: Pickens v. State, 9 Texas Crim. App., 270; Emmons v. State, 34 Texas Crim. Rep., 118; Fenton v. State, 33 Texas Crim. Rep., 633.

It is only required that the offense or transaction out of which the prosecutions grew was the same: Hirshfield v. State, 11 Texas Crim. App., 207; Moore v. State, 33 Texas Crim. Rep., 166; Herera v. State, 35 Texas Crim. Rep., 607; Landrum v. State, 37 Texas Crim. Rep., 666; Garrett v. State, 25 S. W. Rep., 285; Hill v. State, 50 Texas Crim. Rep., 619, 100 S. W. Rep., 384.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—This appeal is prosecuted from a conviction had in the County Court of Brazos County, on July 28, 1908, finding appellant guilty of carrying on and about his saddle a pistol.

When this case was called appellant interposed a plea of former jeopardy, in which he set up that on the 27th day of July preceding, on a charge against him of carrying on and about his person a pistol, he had been acquitted; that the transaction out of which the two charges grew was identical, and that the offense was the same, and that the transaction was the same, and that having been acquitted, he ought not again be placed in jeopardy for the same offense. The plea is well drawn and is good on its face. This plea was stricken out on motion of the State on the ground that the offenses set up in said plea, and the one here charged, are not the same, and, further, because the evidence necessary to support the transaction at bar is wholly insufficient to support a conviction upon the first prosecution, and that

the two charges are not susceptible of and could not be sustained by the same proof. We think the court erred in sustaining this motion. It is well settled that it is not required that the proof in the two prosecutions should be identically the same. That the same offense does not signify or mean the same offense eo nomine, but the same criminal act or omission. Again, in the case of Garrett v. State, 25 S. W. Rep., 285, it was held that evidence that one had a pistol on the wagon seat on which he sat is sufficient to support a conviction under a statute providing a penalty for carrying a pistol on and about his person. This case has been approved in the later cases of Hill v. State, 50 Texas Crim. Rep., 619, 100 S. W. Rep., 384, and Prewitt v. State, 49 Texas Crim. Rep., 323, 92 S. W. Rep., 800. Tested by its allegations, we think the plea of former jeopardy is good. Whether the facts would have supported this plea we can not, of course, know. Having struck out the plea, appellant was denied the privilege and right of supporting same by proof. As presented, we think there was error in the ruling of the court in striking out this plea, and for this reason the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*