### C. G. MARTIN v. THE STATE.

#### No. 4246.  Decided November 1, 1916.

**1.—Forgery—Different Counts—Acquittal—Minor—Jury and Jury Law.**

Where the indictment charged forgery in one count, and passing a forged instrument in another count, and the defendant, at a former trial, was convicted

under the second count, and the conviction was set aside because one of the jurors was a minor, and on the instant trial, defendant objected to being tried on the first count; held, that the conviction under the second count, on the former trial, acquitted the defendant under the first count. Following Trueblood v. State, 1 Texas Crim. App., 650.

### 2.—Same—Handwriting—Comparison—Evidence.

Names written by the accused while he was testifying can be used for comparison in regard to forged instruments, if they are written, not in the presence of the jury, but where no 'expert evidence in regard to the similarity of the names was introduced, and simply the name of the defendant as written, and afterwards viewed by the jury, it is not sufficient to show that the defendant knew it was a forgery, when tried for passing said instrument. Following Spicer v. State, 52 Texas Crim. Rep., 177, and other cases.

### 3.—Same—Grand Jury—Diligence—Name Unknown.

Where the indictment alleged that the name of the party who forged the instrument was unknown to the grand jurors, and the record disclosed, on appeal, that the grand jurors did not use the proper diligence in ascertaining said name, the same was reversible error. Following Jorasco v. State, 8 Texas Crim App., 540.

### 4.—Same—Reference to Previous Conviction.

Where, upon trial of passing a forged instrument, defendant, while testifying, was asked if he had ever been convicted in the instant case, an objection thereto by the defendant should have been sustained.

Appeal from the District Court of El Paso. Tried below before the Hon. Dan M. Jackson.

Appeal from a conviction of passing a forged instrument; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*John T. Hill,* for appellant.—On question where indictment charges two offenses, a verdict of guilty upon one is an acquittal upon the other: Shoemaker v. State, 58 Texas Crim. Rep., 518, 126 S. W. Rep., 887; Corbett v. State, 63 Texas Crim. Rep., 478, 140 S. W. Rep., 342; Mixon v. State, 35 Texas Crim. Rep., 458, 34 S. W. Rep., 290.

On question of acquittal and subsequent prosecution: Hill v. State, 44 Texas Crim. Rep., 603, 73 S. W. Rep., 9; Saldivar v. State, 55 Texas Crim. Rep., 177, 115 S. W. Rep., 584; Betts v. State, 60 Texas Crim. Rep., 631, 133 S. W. Rep., 251.

On question of unknown name: Brewer v. State, 18 Texas Crim. App., 456; Jorasco v. State, 6 id., 238; Yantis v. State, 144 S. W. Rep., 947.

On question of comparison of handwriting: Chester v. State, 5 S. W. Rep., 125, and cases cited in opinion.

On question of reference to former conviction: House v. State, 9 Texas Crim. App., 567; Richardson v. State, 33 Texas Crim. Rep., 518, 27 S. W. Rep., 139; Wyatt v. State, 124 S. W. Rep., 929.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of unknown name: Williams v. State, 3 Texas Crim. App., 123; Rutherford v. State, 13 id., 92; Minchen v. State, 20 id., 112.

. DAVIDSON, JUDGE.—The indictment contains two counts, the first charging forgery, and the second, passing a forged instrument. The conviction was had under the second count.

There had been a previous conviction under the second count, which was set aside by the trial court because it developed on motion for new trial that one of the jurors was a minor. During this trial appellant in various ways sought to prevent the trial of appellant on the first count, for forgery. The court overruled all of his grounds and tried him on both counts. The court refused to consider appellant's grounds for the same reason that he granted the new trial in the former conviction, that is, the incompetency of the juror who was a minor. We suppose the idea of the trial court was that the first trial was a nullity. To this position of the court we can not agree. The minority of a juror is a cause for challenge and seems to have been so from the enactment of the original Penal Code in 1856. This question came for consideration by the Court of Appeals in Trueblood v. State, 1 Texas Crim. App., 650. It was there held the verdict would not be set aside for that reason alone. It is unnecessary to discuss reasons that would require a revision of that case. It has never been overruled, so far as the writer is aware. Therefore, we sustain the contention of appellant that the conviction under the second count on the former trial acquitted appellant of the forgery set out in the first count, and he should not have been tried on this trial under that count. The court submitted the first count to the jury in this trial as he did in the former. The jury convicted under the second count in both instances.

Appellant also in proper time reserved an exception to the court's charge submitting the first count of the indictment to the jury for their consideration in this trial. The court was in error in doing so under the authority already mentioned.

Another bill recites appellant testified in his own behalf on the former trial and while testifying wrote his name. The bill recites that he objected to it at that time. It seems to have been written for the purpose of using it as a means of comparison with the name written on the alleged forged instrument. Various objections were urged, and the court in signing the bill says he permitted it because W. H. Fryer testified he saw defendant do the writing at the former trial after having taken the stand in his own behalf. The bill is not full enough, we think, to show error. Names written by the accused in this manner can be used for comparison in regard to forged instruments. There seems to be a qualification to this, however, by the decisions to the effect that it would not be admissible if written in the presence of the jury for comparison purposes. These cases will be found collated by Mr. Branch in his Annotated Penal Code on page 863. This bill does not show such to have been the case in reference to this particular matter.

Appellant, however, moved to withdraw and exclude from the consideration of the jury the signature and paper previously mentioned.

The court refused and appellant excepted. The basis of this contention seems to be that it could not become evidence before the jury for the reason that the execution of the instrument set out in the indictment was not shown to have been executed by the defendant, and this evidence in regard to the writing was introduced as a means of comparison to show, if it could by this means, that the handwriting in the alleged forged instrument was in the same writing as the name written by appellant. The only evidence in regard to it in reference to comparison of handwriting was the signature and the subsequent handing of it to the jury. The jury passed it among themselves, and this seems to have closed this part of the case. No experts were placed on the stand and no evidence in regard to the similarity was introduced. The name of appellant as written and the view of it by the jury was all that constituted this part of the case. Appellant denied the execution of the forged instrument under oath, and testified to facts and circumstances showing that he did not forge the instrument or write any part of it. This was a serious question in the case, the State relying upon the fact that he passed the instrument to show that it was a forgery and that he knew it was a forgery. The jury acquitted him of the forgery and convicted him of passing it. It was necessary for the State to show that he knew the instrument was a forgery when he passed it. The statute provides that where the execution of the instrument is denied under oath, that proof of comparison only is not sufficient to establish the fact that defendant made the writing. Mr. Branch has collated these authorities on page 863 of his recent Annotated Penal Code, citing Spicer v. State, 52 Texas Crim. Rep., 177; Mahs v. State, 54 Texas Crim. Rep., 390; Brooks v. State, 57 Texas Crim. Rep., 251; Batte v. State, 57 Texas Crim. Rep., 125. There are other circumstances relied upon by the State to show that he knew the instrument was a forgery, yet it was a disputed issue and the jury should have been cautioned that this alone would not form the basis of a conviction. Under the circumstances of this case the writer does not believe this ought to have gone before the jury. There ought to have been other testimony than the mere passing of the signature to the jury. What the jury discovered or thought they discovered from comparison is not shown by any testimony. The only means of arriving at what they did discover is to be found in the verdict they rendered.

Appellant asked a special charge to the effect that the jury should be informed that they could not convict appellant on this trial for forgery. This was refused. This, from what is said in the previous portion of this opinion, should have been given. Exception was taken to the court's charge submitting that issue to the jury, and this requested instruction refused. He could not be tried on the count for which he was acquitted.

Appellant asked another special instruction, which was refused, as follows: "You are instructed that it is necessary to a conviction of defendant in this cause, that the evidence should show upon the issue

in the second count in the indictment, that the grand jury used diligence to ascertain the name of the party who forged said instrument, and you are instructed that the State has failed to show that any diligence was used by the grand jury to ascertain the forger of said instrument, and you will, therefore, return a verdict of not guilty upon the second count." This was refused. Proper exception was taken to the court's charge for refusing, in the first instance, to give such charge, and an exception was also reserved to the court's refusal to give appellant's special requested instruction. The evidence on this question was to the effect, both by bill of exceptions and statement of facts, that the grand jurors had no evidence before them on this question; that they knew of none and seemed to have sought none; that they returned this bill only upon the testimony taken before the examining court. This was upon the theory that the indictment alleged that the forged name was somebody to the grand jurors unknown. The name of Foord was signed to the document. There was a witness named Ford who testified that it was not his signature, and that he knew of no man by the name of Foord; that he had known of two or three other Fords; that one of them had been dead for about a year, and there was one at Fort Bliss, close to the town of El Paso, but he was under the impression that that Ford had died very recently. Wherever the grand jury alleges a necessary party's name to be unknown and it becomes an issue on the trial of the case, in order to sustain such allegation it must be shown that the grand jury used due diligence in order to ascertain the name. Here it is alleged it was forged by somebody to the grand jurors unknown, but there was no effort on their part to ascertain who that party was. One of the grand jurors, in a general way, stated that they had no way of ascertaining, but that is his conclusion. He states no fact except that the indictment was returned from the testimony taken in the examining court. Whether that testimony disclosed the name or did not disclose the name of the party who is supposed to have forged the instrument, is not stated anywhere in the record. The State shows other parties were with appellant at the time he passed the instrument, and there are detailed conversations between the parties. We are of opinion that appellant's contention is correct. There should have been some evidence when the question was raised as to what diligence was exercised by the grand jury in regard to this question. This has been the settled rule in Texas since the case of Jorasco v. State, 6 Texas Crim. App., 238. The question came in Jorasco v. State, who seems to have been the same party, in 8 Texas Crim. App., 540. These cases have been followed since their rendition.

While appellant was on the stand testifying he was asked if he had ever been convicted in this case and in Colorado. Various objections were urged to this and especially that part of it which refers to the previous conviction in this case. Appellant's contention is correct, so far as it applied to the conviction in this case. Evidence of the conviction in the instant case, occurring on a former trial, can not be used.

This has been the subject of prior decisions. Upon another trial the court will not permit this testimony to go to the jury.

For the reasons stated the judgment is reversed and the cause re-manded.

*Reversed and remanded.*