James McGree **PATTERSON**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 61167.

Court of Criminal Appeals of Texas,
Panel No. 2.

June 6, 1979.

Donald W. Bankston, Houston, for appellant.

---

Carol S. Vance, Dist. Atty., Michael C. Kuhn and Candelario Elizondo, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., Austin, for the State.

Before DOUGLAS, TOM G. DAVIS and DALLY, JJ.

## OPINION

DALLY, Judge.

This is an appeal from a conviction for possession of a firearm by a felon. The punishment is imprisonment for ten years.

The appellant asserts that his conviction here constitutes double jeopardy and the evidence is insufficient to support the conviction.

The appellant was arrested and found in possession of a bag of marihuana and a pistol. He was charged in a two-count indictment with the offenses of possession of marihuana and possession of a firearm by a felon.[1] Before a jury was impaneled and sworn the State elected to proceed on the count for possession of marihuana; the appellant was convicted of that offense. The appellant was reindicted for the offense of possession of a firearm by a felon and brought to trial. The appellant's plea of jeopardy in the latter proceeding was overruled by the trial court.

■ The appellant's contention that his conviction for the offense of possession of a pistol was barred by the doctrine of carving is without merit. The possession of the pistol and the possession of the marihuana were separate acts in violation of separate statutes. He could properly be convicted for both offenses. See *Frazier v. State*, 480 S.W.2d 375 (Tex.Cr.App.1972); *McMillan v. State*, 468 S.W.2d 444 (Tex.Cr.App.1971); *Uribe v. State*, 573 S.W.2d 819 (Tex.Cr.App. 1978).

■ Appellant also urges that the court erred in overruling his special plea of double jeopardy. He says the State was precluded from further prosecution of the charge of possession of the pistol because the State, when it chose to proceed on the marihuana count in the first indictment, in effect abandoned the pistol charge. The State elected to proceed only on the count charging possession of marihuana prior to the time that the jury was sworn; jeopardy did not attach insofar as the count charging possession of a firearm by a felon was concerned. *Crist v. Bretz*, 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). The appellant's subsequent trial for possession of a firearm by a felon did not subject him to double jeopardy. See *Vardas v. State*, 518 S.W.2d 826 (Tex.Cr.App.1975).

■ The appellant urges that the evidence is insufficient because it fails to show that he had previously been convicted of a crime of violence or threatened violence, an element of the offense. V.T.C.A. Penal Code, Sec. 46.05. We find the appellant's contentions to be without merit since he waived a trial by jury and entered a plea of guilty and a stipulation of evidence. The stipulation was that:

" . . . On November 25, 1977 in Harris County, Texas I did unlawfully commit an offense in that I did intentionally and knowingly possess away from the premises where I lived at the time a firearm namely a pistol and prior to the possession I had been convicted of a felony involving an act of violence and threatened violence namely simple kidnapping on June 15, 1964 in the thirtieth judicial District Court of Vernon Parish Louisiana in Cause No. 15,559."

The stipulated evidence is sufficient to support the plea of guilty. Moreover, the trial court expressly limited the appellant's right on appeal to the double jeopardy issue. See Art. 44.02, V.A.C.C.P. The grounds of error pertaining to the sufficiency of the evidence even if subject to appellate review are without merit.

The judgment is affirmed.

Penal Code. Art. 21.24, V.A.C.C.P.; V.T.C.A. Penal Code, Sec. 3.01 et seq.

---

1. It would appear that these two counts were improperly joined in the indictment since the offenses were not violations of Title VII of the