Rey GARZA, Appellant,

v.

The STATE of Texas, Appellee.

No. 63005.

Court of Criminal Appeals of Texas, Panel No. 2.

Dec. 22, 1982.

Rehearing Denied En Banc March 23, 1983.

Henry V. Sanchez, Houston, for appellant.

Carol S. Vance, Former Dist. Atty., John B. Holmes, Jr., Dist. Atty. and Calvin A. Hartmann and Jack Frels, Asst. Dist. Attys., Houston, Robert Huttash, State's Atty., and Alfred Walker, Asst. State's Atty., Austin, for the State.

Before ONION, P.J., and CLINTON and TEAGUE, JJ.

## OPINION

TEAGUE, Judge.

### THE FIRST TRIAL

Rey Garza, appellant, was tried on a two count indictment which alleged the felony offenses of aggravated assault on a peace officer and knowingly participating in a riot by assembly. By the allegations of the indictment, the aggravated assault offense occurred during the course of a felony riot in which appellant knowingly participated. Appellant pled not guilty to both counts of the indictment. At the conclusion of the case, the State elected to proceed to the jury on the aggravated assault on a peace officer count of the indictment. The State abandoned the count of the indictment that alleged felony riot. After deliberating for 29 hours and 32 minutes the jury informed the trial judge that it was unable to reach a verdict. A mistrial was declared, and the jury was ordered discharged.

### THE SECOND TRIAL

The State thereafter, over objection, reprosecuted the appellant on the same indictment. However, during the second trial, when the State made its election, it elected to proceed to the jury on the felony riot count of the indictment, which was the converse of what the State had done at the first trial, i.e., at the first trial the State had abandoned the felony riot count of the indictment and the jury was only instructed on the aggravated assault on a peace officer count of the indictment, whereas in the second trial the State abandoned the aggravated assault count and the case was submitted to the jury on the felony riot count of the indictment. The jury convicted the appellant of committing the offense of felony riot and assessed punishment at three years' confinement in the penitentiary.

### APPELLANT'S CONTENTION

Although appellant raises several contentions in his appeal, because of the result we reach, we will only discuss his contention that the trial court erred by failing to grant

his "Motion to Quash Count I of the Indictment Based on Double Jeopardy", which motion was filed prior to the commencement of the second trial. The motion related to the felony riot count of the indictment that had been abandoned by the State during the first trial.

## THE STATE'S RESPONSE

The State argues the following in its well written but succinct brief: "[B]ecause Garza [the appellant] never ran the gauntlet to a conviction at the first trial, jeopardy should not attach as to either paragraph of the indictment."

## THE QUESTION

Because the State at the first trial, prior to the cause being submitted to the jury, abandoned the felony riot count of the indictment, was it thereafter precluded from retrying the appellant for allegedly committing that same offense?

## THE ANSWER

Because we find that the double jeopardy provisions of the Federal and State Constitutions bar such a retrial, we answer the question in the affirmative. The appellant's judgment of conviction for committing the riot offense will be reversed and the prosecution ordered dismissed.

## THE PAST BLENDS IN WITH THE PRESENT

█ Although we find that this is probably a case of first impression, in conjunction with this Court's construing the applicability of the double jeopardy clauses of the respective Constitutions to such a factual situation as at bar, nevertheless, we pause to observe that in the past this Court has held that if conviction is based upon only one count of several submitted to the jury, acquittal may result as to the counts not submitted to the jury, see *Mizell v. State,* 83 Tex.Cr.R. 305, 203 S.W. 49 (1918); *Martin v. State,* 80 Tex.Cr.R. 275, 189 S.W. 262 (1916); *Millner v. State,* 75 Tex.Cr.R. 22, 169 S.W. 899 (1914); *Davis v. State,* 61 Tex.Cr.R. 611,

136 S.W. 45 (1911), although an acquittal as to the submitted count does not necessarily result, see *Hunt v. State,* 123 Tex.Cr.R. 559, 59 S.W.2d 836 (1933); *Blevins v. State,* 148 Tex.Cr.R. 2, 184 S.W.2d 290 (1944); *Aven v. State,* 102 Tex.Cr.R. 478, 277 S.W. 1080 (1925), while an abandonment of a count after jeopardy has attached always bars retrial of the abandoned count. See *Crocker v. State,* 573 S.W.2d 190 (Tex.Cr.App. 1978) ("No double jeopardy problems are extant with this type of submission because the jury returns either an acquittal or a verdict of guilty on one count only."); *Parish v. State,* 145 Tex.Cr.R. 117, 165 S.W.2d 748 (1942); *Black v. State,* 143 Tex.Cr.R. 318, 158 S.W.2d 795 (1942); *Gilliam v. State,* 131 Tex.Cr.R. 8, 96 S.W.2d 86 (1936); *Johnson v. State,* 97 Tex.Cr.R. 658, 263 S.W. 924, 925 (1924); *Lee v. State,* 90 Tex.Cr.R. 458, 235 S.W. 1093 (1921); *Deisher v. State,* 89 Tex.Cr.R. 467, 233 S.W. 978 (1921); *Hewitt v. State,* 74 Tex.Cr.R. 46, 167 S.W. 40 (1914); *Betts v. State,* 60 Tex.Cr.R. 631, 133 S.W. 251 (1911); *Tracy v. State,* 49 Tex. Cr.R. 37, 90 S.W. 308 (1905); *Parks v. State,* 46 Tex.Cr.R. 100, 79 S.W. 301 (1904); *Stephens v. State,* 36 Tex.Cr.R. 386, 37 S.W. 425 (1896); *Moore v. State,* 631 S.W.2d 245 (Tex.App.Amarillo, No P.D.R.1982); *Ex parte Scelles,* 511 S.W.2d 300 (Tex.Cr.App. 1974).

Recently, in *Moore v. State,* 631 S.W.2d 245 (Tex.App.–Amarillo, No P.D.R.1982), Chief Justice Reynolds of the Amarillo Court of Appeals stated the following:

It is settled that jeopardy, in the sense of the constitutional guarantee against double jeopardy, attaches when the jury is empaneled and sworn. *Crist v. Bretz,* 437 U.S. 28, 38, 98 S.Ct. 2156, 2162, 57 L.Ed.2d 24 (1978); *McElwee v. State,* 589 S.W.2d [455] 457 (Tex.Cr.App.1979). Accordingly, when the indictment's second count [in this cause] was dismissed after jeopardy attached when the jury was impaneled and sworn, the dismissal was tantamount to an acquittal of the charge of aggravated assault, *Black v. State,* 143 Tex.Cr.R. 318, 158 S.W.2d 795, 796 (1942), and, thereafter, appellant could not be prose-

cuted for that act. *Ex parte Scelles,* 511 S.W.2d 300, 301 (Tex.Cr.App.1974).

Previously, this Court, in *Black v. State,* supra, had stated the following:

Where a defendant has been tried on several counts and convicted under one he is thereby acquitted of the others, and may not later be tried upon the ones for which he was so acquitted *Thus, where there are several counts in an indictment and only one is submitted to the jury, this amounts to an acquittal upon the abandoned counts, and the defendant may not upon a subsequent trial be prosecuted on the abandoned counts.* [Emphasis Added].

Also, in *Ex parte Scelles,* 511 S.W.2d 300 (Tex.Cr.App.1974), this Court stated the following:

In *Parish v. State,* [145 Tex.Cr.R. 117], 165 S.W.2d 748 (Tex.Cr.App.1942), the court held that where the second count only of the two count indictment was submitted to the jury, failure to submit the first count had the same effect as if such count had been quashed, and 'jeopardy' attached on such count, since failure to submit was tantamount to a 'dismissal' of such count.

By adopting literally some of the language this Court has stated in the past, with what the Amarillo Court of Appeals stated in *Moore v. State,* supra, we find that decision very persuasive and of great assistance to us in our reaching the holding that the State was barred from reprosecuting the appellant for committing the offense of felony riot.

### THE DOUBLE JEOPARDY CLAUSES OF THE RESPECTIVE CONSTITUTIONS

The "Interpretive Commentary" to Art. I, Sec. 14 of the Texas Constitution, the double jeopardy clause of the Texas Constitution, in Vol. I, V.A.Tex.Const., at pages 332–333, states the following: "The guaranty in this section . . . is broader in scope [than autrefois acquit and autrefois convict], for not only can a person not be put on trial a second time for an offense of which he has once been acquitted or convicted, but he may not be put on trial a second time for an offense of which he has once been placed in jeopardy. Hence, jeopardy, meaning danger or hazard, can be based upon a prosecution discharged for valid causes without a verdict, while former conviction and acquittal are based upon verdicts received."

■ The double jeopardy clause of the Fifth Amendment to the United States Constitution is now made binding upon the States through the due process clause of the Fourteenth Amendment. *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). Jeopardy attaches when a jury is empanelled and sworn. *Crist v. Bretz,* supra; *United States v. Martin Linen Supply Co.,* 430 U.S. 564, 97 S.Ct. 1341, 51 L.Ed.2d 642 (1977); cf. *United States v. Sanford,* 429 U.S. 14, 97 S.Ct. 20, 50 L.Ed.2d 17 (1976); *McElwee v. State,* supra.

■ In this instance, had both counts of the indictment been submitted to the jury at the first trial, and the jury had not been able to reach a verdict, and a mistrial had been declared by the trial court on both counts, the fact that a mistrial had been declared would not have prevented a retrial on either count. A mistrial declared because the jury was unable to agree ordinarily will permit a second trial without violating the double jeopardy prohibition. *Gori v. United States,* 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901, reh. den. 368 U.S. 870, 82 S.Ct. 25, 7 L.Ed.2d 70 (1961); *United States v. Perez,* 9 Wheat 579, 6 L.Ed. 165 (1824). Thus, a second trial is not prohibited where the first trial ends in a mistrial, provided the mistrial was declared because it was manifestly or imperatively necessary in order to preserve the doing of justice. Therefore, we find it is necessary in this instance to determine whether there was any showing by the State of any manifest or imperative necessity that would have warranted the trial court not submitting the riot count of the indictment to the jury at the first trial. In this regard, we observe that the State has failed to point out in this appeal

where such manifest or imperative necessity existed that would account for the trial court's failure to submit to the jury at the first trial the riot count of the indictment. Our search of the record leads us to conclude that such necessity never existed, or if it did it is not reflected in the record.

 "A defendant's valued right to have his trial completed by a particular tribunal is within the protection of the constitutional guarantee against double jeopardy." *Crist v. Bretz,* supra. See also *Torres v. State,* 614 S.W.2d 436 (Tex.Cr.App.1981). Only where the prosecution has shown manifest or imperative necessity may this valued right be defeated. *McClendon v. State,* 583 S.W.2d 777 (Tex.Cr.App.1979). In this instance, jeopardy had attached in the first trial before the State elected to abandon the felony riot count. *McElwee v. State,* supra. The State's abandonment of the riot count precluded the appellant from having the same jury decide his guilt on that allegation. If the riot allegation had been submitted to the jury, the jury may very well have been able to resolve appellant's guilt for allegedly committing that offense. *But,* the jury was not given that opportunity. We observe in this regard that the jury at the first trial was able to find certain co-defendants guilty and others not guilty of the offenses alleged against those persons, which offenses we find arose out of the same transaction that implicated the appellant. As noted, we are unable to find in this record any manifest or imperative necessity that would have precluded the first jury from resolving, or at least attempting to resolve, the issue of appellant's guilt for committing the offense of felony riot. Therefore, the State's abandonment of the riot allegation of the indictment at the first trial barred any retrial for that offense. The appellant's trial, for allegedly committing the offense of felony riot, was null and void.

In light of what we have stated above, we disagree with the State that reprosecution is dependent upon whether or not there was a conviction at the first trial on at least one submitted count of the charging instrument. Therefore, we will not further discuss the State's response.

## OUR CONCLUSIONS

Under the circumstances and facts of this cause, when the jury was unable to agree upon a verdict at the first trial, it should have thereafter been permitted to proceed only on the aggravated assault of a peace officer allegation of the indictment. This was permitted by virtue of manifest or imperative necessity and Art. 36.33, V.A.C.C.P. However, the State was not permitted to once again prosecute the appellant for allegedly committing the offense of felony riot. This was legally impermissible for the reasons stated. The riot count of the indictment became poisoned by the double jeopardy clauses of the Federal and State Constitutions. The mistrial order only permitted retrial of any non-poisoned allegations still pending in the indictment—in this instance the aggravated assault on a peace officer count. See and compare *Patterson v. State,* 581 S.W.2d 696 (Tex.Cr.App.1979); *Vardas v. State,* 518 S.W.2d 826 (Tex.Cr.App.1975); *Ochoa v. State,* 492 S.W.2d 576 (Tex.Cr.App.1973). The State should not have been permitted a second opportunity to persuade another jury to return a verdict of guilty against the appellant upon the riot count of the indictment.

The judgment of conviction is therefore reversed with instructions to the trial court to enter an order dismissing the prosecution thereunder.

CLINTON, Judge, dissenting.

Constitutionally and statutorily the State of Texas is prohibited from twice putting an accused in jeopardy.[1] Convicted of the felony offense of riot, denounced by V.T.

---

1. Fifth Amendment to the Constitution of the United States, made applicable to the States through the Fourteenth Amendment by *Benton v. Maryland,* 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969); § 14, Bill of Rights, Article I, Constitution of the State of Texas; Articles 1.10 and 1.11, V.A.C.C.P.

C.A. Penal Code, § 42.02, the second time he was tried on the same indictment, which also alleged the felony offense of aggravated assault on a peace officer, defined by *id.,* § 22.02(a)(2), appellant premises all his four grounds of error on the facts that prosecution on the count alleging riot had been abandoned by the State just before the case was submitted to the jury at the first trial, and that the jury was properly discharged when it manifested the altogether improbability that it could agree on a verdict with respect to aggravated assault on a peace officer.

Thus, appellant contends the trial court erred in denying his pretrial motion to quash the indictment insofar as it alleged riot, in overruling his motion that the prosecution be required to elect before trial which one of two counts would be tried, in thereafter allowing the prosecution to abandon the count of aggravated assault and, lastly, in submitting to the jury only riot. The question presented, then, is what remains in an indictment that may be prosecuted again after the State has elected to abandon its first count and is unable to convince a jury to find an accused guilty of the offense alleged in the second count. The answer, of course, is one of law.

Jeopardy attached when the jury in the first trial had been empaneled and sworn. *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). But, in the ordinary case, "retrial is not automatically barred when a criminal proceeding is terminated without finally resolving the merits of the charges against the accused," *Arizona v. Washington,* 434 U.S. 497, 98 S.Ct. 824, 54 L.Ed.2d 717 (1978). That a jury is unable to agree on its verdict is a "classic example" of a happening that will not preclude a second trial, *Downum v. United States,* 372 U.S. 734, 736, 83 S.Ct. 1033, 1034, 10 L.Ed.2d

100 (1963), and that matter is regulated by statute in this State. See Article 36.31, V.A.C.C.P. and, e.g., *Bowles v. State,* 606 S.W.2d 875 (Tex.Cr.App.1980). In this kind of "manifest necessity" for declaring a mistrial, the jeopardy that had once attached becomes, so to speak, unattached, and our statute provides that "the cause may be again tried," Article 36.33, V.A.C.C.P. *United States v. Sanford,* 429 U.S. 14, 97 S.Ct. 20, 50 L.Ed.2d 17 (1976).

What is before the Court now, however, is not an ordinary case. Appellant urges that the issue presented has already been resolved by the Court, early and late, in a number of decisions cited in his brief. They run from *Mizell v. State,* 83 Tex.Cr.R. 305, 203 S.W. 49 (1918), through *Ex parte Scelles,* 511 S.W.2d 300 (Tex.Cr.App.1974), which cites many more, to *Patterson v. State,* 581 S.W.2d 696 (Tex.Cr.App.1979); but in each the accused was *convicted* of an offense other than the one abandoned at some point in the proceeding.[2] The matter appears to be one of first impression in this State.

The principle at work in the line of cases relied on by appellant is that when the merits of at least one of the charges on trial has been resolved against the accused, and the others have not been effectively withdrawn from consideration by the jury, a general verdict of guilty leaves the trial court uncertain as to which offense its judgment should adjudicate guilt of the defendant. *Jones v. State,* supra, at 544; *Walker v. State,* 473 S.W.2d 499, 500 (Tex. Cr.App.1971). But when none of the charges has been resolved on the merits, a general proposition of Jeopardy law is that retrial of the cause is not barred, and Article 36.33, supra, is in accord with that if mistrial has been declared because the jury

---

**2.** *Black v. State,* 143 Tex.Cr.R. 318, 158 S.W.2d 795 (1942) is illustrative of the rule applied in that situation, which the Court quotes from Texas Jurisprudence:

"Where a defendant has been tried on several counts and *convicted* under one he is thereby acquitted of the others, and may not later be tried upon the ones for which he was so acquitted. Thus where there are several

counts in an indictment and only one is submitted to the jury, this amounts to an acquittal upon the abandoned counts, and the defendant may not upon a subsequent trial be prosecuted on the abandoned counts." (All emphasis is mine unless otherwise indicated.) That rationale still obtains in this Court, as *Jones v. State,* 586 S.W.2d 542, 544 (Tex.Cr. App.1979) demonstrates.

was unable to agree on a verdict. The cause thus stands as if it had never been tried, and the State is, as it should be, allowed second opportunity to persuade another jury to return a verdict of guilty on whichever count of the indictment is ultimately submitted. See *Stanley v. State,* 625 S.W.2d 320, 323–324 (Tex.Cr.App.1981).

Accordingly, I conclude that the trial court did not err in any of the particulars asserted by appellant, and would perforce overrule his four grounds of errors.

However, the majority concludes that the trial court erred in denying appellant's pretrial motion to quash the indictment insofar as it alleged riot. To reach that result the majority utilizes the doctrine of "manifest necessity" in a manner that, I must say frankly, is alien to the jeopardy jurisprudence of this State and of the Supreme Court of the United States. That is, a determination must be made "whether there was any showing by the State of any manifest or imperative necessity that would have warranted the trial court not submitting the riot count of the indictment to the jury at the first trial."

The "manifest necessity" doctrine, while not a precise formulation, is the test to examine exercise by a trial court of its discretionary authority "*to discharge a jury from giving any verdict,*" *United States v. Perez,* 9 Wheat 579, 580, 6 L.Ed.' 165 (1824), the declaration being made "over the objection of the defendant," *Arizona v. Washington,* 434 U.S. 497, 505, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978). Compare *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971). So far as has been ascertained neither this Court nor the Supreme Court has deemed the doctrine a measure for deciding whether a trial court is justified in withholding one or more counts of an indictment from consideration by the jury, and the majority finds no support for its twisting the square of manifest necessity into the round hole of submission of counts to a jury. Conceptually the two simply will not fit.

Accordingly, I respectfully dissent.

Before the court en banc.

## OPINION ON STATE'S MOTION FOR REHEARING

ODOM, Judge.

This is an appeal from a conviction for felony riot, V.T.C.A., Penal Code Sec. 42.02. Punishment was assessed at three years and appellant was granted probation. On original submission a panel of this Court held the conviction was obtained in violation of the jeopardy clauses of the Texas and United States Constitutions, and reversed the conviction.

The record reveals that appellant was prosecuted on an indictment alleging two offenses in separate counts: (1) felony riot and (2) aggravated assault. In the first trial, at the close of the evidence, the state elected to proceed on the aggravated assault charge. The jury subsequently was unable to agree upon a verdict and was discharged. At the second trial, after the evidence was closed, the state elected to proceed on the felony riot charge. The conviction challenged in this appeal followed.

The issue decided in appellant's favor on original submission is whether the state's decision to abandon the felony riot charge after jeopardy attached in the first trial created a jeopardy bar to further prosecution of that charge, even though the first trial subsequently resulted in mistrial as to the aggravated assault charge when the jury was unable to agree upon a verdict.

The general rule is well established. In *Ex parte Scelles,* 511 S.W.2d 300, 301 (Tex. Cr.App.1974), the Court wrote:

"In *Parish v. State,* 145 Tex.Cr.R. 117, 165 S.W.2d 748 (1942), the court held that where the second count only of the two count indictment was submitted to the jury, failure to submit the first count had the same effect as if such count had been quashed, and 'jeopardy' attached on such count, since failure to submit was tantamount to a 'dismissal' of such count. See also *Black et al. v. State,* 143 Tex. Cr.R. 318, 158 S.W.2d 795 (1942).

"And in *Deisher v. State,* 89 Tex.Cr.R. 467, 233 S.W. 978 (1921), it was held that

where the second count of the indictment was abandoned and the court submitted only the first count, the defendant cannot on a subsequent trial be prosecuted on the abandoned count. See also *Johnson v. State,* 97 Tex.Cr.R. 658, 263 S.W. 924, 927 (1924); *Gilliam v. State,* 131 Tex. Cr.R. 8, 96 S.W.2d 86 (1936); *Mizell v. State,* 83 Tex.Cr.R. 305, 203 S.W. 49 (1918)."

Under this general rule it is clear that the panel correctly decided this case. It is contended by the State, however, as it was in the dissenting opinion on original submission, that the general rule does not apply because the first trial ended in a mistrial when the jury was unable to reach a verdict. We find no persuasive reason to support an exception to the general rule in these circumstances. The jeopardy bar arises from the state's decision to abandon prosecution after jeopardy had attached. The jeopardy bar arises at that moment, and the abandoned prosecution passes out of the case. Having been terminated by the state's decision to abandon prosecution, the cause is complete.

In its brief on rehearing the state relies on the arguments advanced in the dissenting opinion on original submission.

The dissent relied on *Jones v. State,* 586 S.W.2d 542 (Tex.Cr.App.1979); *Walker v. State,* 473 S.W.2d 499 (Tex.Cr.App.1971); and *Stanley v. State,* 625 S.W.2d 320 (Tex. Cr.App.1981). None of those cases, however, involved a multicount indictment; none involved an election by the state whereby a charged offense in which jeopardy had attached was abandoned; none, in sum, presented any of the controlling facts present in this case. The rule applied today was not implicated in those cases, nor is any rule from those cases applicable to the facts in this case.

■ The dissent also relied on Articles 36.31 and 36.33, V.A.C.C.P., for the proposition that when a jury is discharged because it is unable to reach a verdict "the 'cause may be again tried." This was certainly true as to the charge submitted to the jury and upon which they were unable to reach a verdict. It is not relevant, however, to this case. The felony riot cause was abandoned and never submitted to the jury; it was not a cause upon which the jury was unable to reach a verdict and for which it was discharged. To hold that Arts. 36.31 and 36.-33, supra, authorize retrial of the felony riot charge in this case would require a similar holding under Articles 44.29 and 40.08, V.A. C.C.P., that a reversal of a conviction on one count of a multicount indictment after abandonment of other counts would allow reprosecution of the abandoned counts, because Arts. 44.29 and 40.08, supra, place a cause after reversal "in the same position in which it was before any trial had taken place." Such a construction of those statutory provisions, however, would be in direct conflict with previous holdings of this Court, e.g., *Ex parte Scelles,* supra; *Black v. State,* 143 Tex.Cr.R. 318, 158 S.W.2d 795; *Gilliam v. State,* 131 Tex.Cr.R. 8, 96 S.W.2d 86, and would be contrary to the protection afforded by the jeopardy clause of the Texas and federal constitutions. The misplaced reliance on Arts. 36.31 and 36.33, supra, is precisely analogous and equally without merit.

■ The arguments raised on rehearing are without merit. Furthermore, as in *Black v. State,* supra, no prosecution may now be had on either count of the indictment. One count of the indictment was abandoned after jeopardy attached at the first trial; the other count was abandoned after jeopardy attached at the second trial. Thus, a jeopardy bar has been created against prosecution of either count.

The motion for rehearing is overruled.

CLINTON, Judge, dissenting.

The law of jeopardy bottomed on the Fifth Amendment is derived from the common law. According to Blackstone the principle underlying the two pleas of *autrefois acquit* and *autrefois convict* is a "universal maxim of the common law of England, that no man is to be brought into jeopardy of his life more than once for the same offense," 4 W Blackstone. *Commen-*

taries 335–336. In *United States v. Wilson,* 420 U.S. 332, 340, 95 S.Ct. 1013, 1020, 43 L.Ed.2d 232 (1975) the opinion of the Court by Justice Marshall explores history of adoption of the Double Jeopardy Clause and concludes that the language ultimately approved by the first Congress "tracked Blackstone's statement of the principles of *autrefois acquit* and *autrefois convict." Id.,* at 342–343, 95 S.Ct. at 1021. With that lore in mind, the Supreme Court has declared that which it discerned:

> "The underlying idea . . . is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty."

*Green v. United States,* 355 U.S. 184, 187–188, 78 S.Ct. 221, 2 L.Ed.2d 199 (1957).

> "When a defendant has been once convicted and punished for a particular crime, principles of fairness and finality require that he not be subjected to the possibility of further punishment by being again tried or sentenced for the same offense."

*United States v. Wilson,* supra, 420 U.S. at 343, 95 S.Ct. at 1021. Accordingly, *North Carolina v. Pearce,* 395 U.S. 711, 717, 89 S.Ct. 2072, 2076, 23 L.Ed.2d 656 (1969) confirms that the Double Jeopardy Clause provides three related protections:

> "It protects against a second prosecution for the same offense after *acquittal.* It protects against a second prosecution for the same offense after *conviction.* And it

protects against multiple punishments for the same offense."[1]

The Bill of Rights in the Texas Constitution adopts the guaranty of the Double Jeopardy Clause in the Fifth Amendment, but it also adds another. Article I, § 14 provides:

> "No person, for the same offense, shall be twice put in jeopardy of life or liberty, *nor* shall a person be again put upon trial for the same offense, after a verdict of not guilty in a court of competent jurisdiction."

Thus, as well as its own bar to another trial for the same offense after a verdict of not guilty,[2] like the United States, Texas embraced the common law notions of *autrefois acquit* and *autrefois convict. Simco v. State,* 9 Tex.App. 338, 348[3] (Ct.App.1880); *Doggett v. State,* 130 Tex.Cr.R. 208, 93 S.W.2d 399, 405 (1936) (Opinion on Rehearing).

However, "an accused must suffer jeopardy before he can suffer double jeopardy," *Serfass v. United States,* 420 U.S. 377, 393, 95 S.Ct. 1055, 1065, 43 L.Ed.2d 265 (1975). Jeopardy attaches in a jury trial when the jury is empaneled and sworn—a federal constitutional rule that is applicable to the states. *Crist v. Bretz,* 437 U.S. 28, 98 S.Ct. 2156, 57 L.Ed.2d 24 (1978). Still, "the conclusion that jeopardy has attached begins, rather than ends, the inquiry as to whether the Double Jeopardy Clause bars retrial," *Illinois v. Somerville,* 410 U.S. 458, 467, 93 S.Ct. 1066, 35 L.Ed.2d 425 (1973). For the Double Jeopardy Clause "does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment," *Wade v. Hunter,* 336 U.S. 684, 688, 69 S.Ct. 834, 93 L.Ed. 974 (1949). "[R]etrial is not automatically barred when

---

**1.** All emphasis is supplied throughout by the writer of this opinion unless otherwise indicated.

**2.** This feature of our constitutional provision is not implicated in the instant cause, and it will not be further noticed.

**3.** "*Autrefois acquit* is only available in cases where the transaction is the same and the two

indictments are susceptible of, and must be sustained by the same proof." See, e.g., *Williams v. State,* 58 Tex.Cr.R. 193, 125 S.W. 42, 43 (1910).

"*Autrefois convict* only requires that the transaction, or the facts constituting it, be the same." See *Doggett v. State,* 130 Tex.Cr.R. 208, 93 S.W.2d 399, 405 (1936) (Opinion on Rehearing).

a criminal proceeding is terminated without finally resolving the merits of the charges against the accused," *Arizona v. Washington,* 434 U.S. 497, 505, 98 S.Ct. 824, 830, 54 L.Ed.2d 717 (1978).

When a jury is discharged without reaching a verdict and from that "manifest necessity" the trial judge declares a mistrial, the uniform answer to the inquiry about whether a retrial is barred is that it is not prohibited by the Double Jeopardy Clause of the Fifth Amendment. *Arizona v. Washington,* supra; *United States v. Jorn,* 400 U.S. 470, 91 S.Ct. 547, 27 L.Ed.2d 543 (1971); *Wade v. Hunter,* 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 (1949); *Kepner v. United States,* 195 U.S. 100, 24 S.Ct. 797, 49 L.Ed. 114 (1904); *United States v. Perez,* 9 Wheat. 579, 6 L.Ed. 165 (1824).[4] "[A] mistrial premised upon the trial judge's belief that the jury is unable to reach a verdict, long considered the classic basis for a proper mistrial ... accords recognition to society's interest in giving the prosecution *one complete opportunity* to convict those who have violated its laws," *Arizona v. Washington,* supra, 434 U.S. at 509, 98 S.Ct. at 832.[5]

Before the unreported opinion of this Court on original submission in *McElwee v. State* became a casualty of constitutional uniformity mandated by the Supreme Court of the United States in *Crist v. Bretz,* supra, jeopardy in Texas did not attach in a jury trial until the jury had been selected and sworn *and* thereafter the accused plead to the charging instrument. *McElwee v. State,* 589 S.W.2d 455, 456, 457–460 (Tex.Cr. App.1979); *Anderson v. State,* 24 Tex.App. 705, 7 S.W. 40, 42 (Ct.App.1886). However, once jeopardy attached, the "manifest necessity" teachings of *United States v. Perez,* supra and see n. 4, *ante,* were followed by courts of this State, e.g., *Smith v. State,* 22 Tex.App. 196, 2 S.W. 542, 544 (Ct.App.1886), it being statutorily prescribed in other terms since at least Old Code Article 619— the genesis of present Article 36.31, V.A.C. C.P.: "... the court may in its discretion discharge [the jury] where it has been kept together for such time as to render it altogether improbable that it can agree." See generally *Bowles v. State,* 606 S.W.2d 875, 878–880 (Tex.Cr.App.1980) (Dissenting Opinion). And, consistent with the consequences when a trial judge correctly determined to apply the doctrine, Article 36.33, V.A.C.C.P., successor to Old Code Article 621, provides: "When a jury has been discharged ... without having rendered a verdict, the cause may be again tried...." Thus, while the "valued right" of an ac-

---

**4.** The doctrine seems to have acquired its title from the opinion of the court delivered by Justice Story, *viz:*

"We are of the opinion that the facts constitute no legal bar to a future trial. The prisoner has not been convicted or acquitted, and may again be put to his defense. We think that in all cases of this nature, the law has invested courts of justice with the authority to discharge a jury from giving any verdict, in their opinion, taking all the circumstances into consideration, there is a *manifest necessity* for the act, or the ends of public justice would otherwise be defeated. * * * [A]fter weighing the question with due deliberation, we are of the opinion that such a discharge constitutes no bar to further proceedings, and gives no right of exemption to the prisoner from being again put upon trial."

*United States v. Perez,* supra, 9 Wheat. at 579, 6 L.Ed. at 165–166.

**5.** Society's interest had been recognized more elaborately by the Supreme Court almost thirty years earlier, *viz:*

"The double-jeopardy provision of the Fifth Amendment ... does not mean that every time a defendant is put to trial before a competent tribunal he is entitled to go free if the trial fails to end in a final judgment. Such a rule would create an insuperable obstacle to the administration of justice in many cases in which there is no semblance of the type of oppressive practices at which the double-jeopardy prohibition is aimed. There may be unforeseeable circumstances that arise during a trial making its completion impossible, *such as the failure of a jury to agree on a verdict.* In such event the purpose of law to protect society from those guilty of crimes frequently would be frustrated by denying courts power to put the defendant to trial again. * * * What has been said is enough to show that a defendant's valued right to have his trial completed by a particular tribunal must in some instances be subordinated to the public's interest in fair trials designed to end in just judgments."

*Wade v. Hunter,* 336 U.S. 684, 688–689, 69 S.Ct. 834, 836–837, 93 L.Ed. 974 (1949).

cused "to have his trial completed by a particular tribunal is within the protection of the constitutional guarantee against double jeopardy," *Crist v. Bretz,* supra, 437 U.S. at 36, 98 S.Ct. at 2161, it is given full play until the trial judge determines "it altogether improbable" that the particular jury will agree and, perforce, "manifest necessity" requires that he declare a mistrial. But once that is done the prosecutor may invoke his correlative right to retry the accused.

Just as such an accused is not prejudiced when merits of charges against him are not finally resolved by a jury,[6] there seems to be no case which allows him to assert harm in the failure to have the jury resolve other charges against him that were not submitted to the jury. Put another way, if the merits of the charges against an accused have not been resolved when the trial is terminated through manifest necessity, there is no known constriction in the law of jeopardy that precludes the State from calling upon the accused to answer to the same charges and exercise his valued right to have that trial completed by the particular tribunal in the selection of the members of which the accused has again participated. If there is any authority to the contrary, the majority does not reveal it.

What the majority characterizes as a "general rule" is inapposite and does not militate against the legal conclusions I reach. That rule is "general" only in the sense that from time to time several decisions of the former court of appeals and the Court applied it to a recurringly common situation: a jury verdict is returned on one count of a multicount indictment after either the prosecutor elected, or the trial judge elected for the State, to submit just the one count. In such a situation the consistent holding is that "jeopardy" barred reprosecution of that which had been "dismissed." However, in each instance the jury made findings and rendered a verdict in the case. Thus, borrowing the phrase from Justice Stevens in *Arizona v. Wash-*

*ington,* the criminal trial is *not* terminated "without finally resolving the merits of the charges against the accused," *id.,* 434 U.S. at 505, 98 S.Ct. at 830.

To the creation of yet another abberation in the already misunderstood law of jeopardy, I respectfully dissent.

W.C. DAVIS, McCORMICK and CAMPBELL, JJ., join.

---

**6.** The accused has, of course, gone through the stress of a trial, and I do not lightly dismiss the consequences of that. My reference to "preju-

dice" is the kind that substantially impairs presentation of a defense and the like.